UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERDATA NETWORK, INC., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>KENZI WANG, et al.,<br><br>    Defendants. | Case No. 25-cv-03798-JD<br><br>**ORDER RE PERSONAL JURISDICTION** |

As aptly described by plaintiffs Interdata Network, Inc., and Cerebellum Networks, Inc. (Cerebellum), this case alleges a "Hollywood noir" saga of extortion, false imprisonment, and cryptocurrency theft. Dkt. No. 1 ¶ 1. The ins and outs of the rather overheated allegations in the complaint will be taken up as warranted on another occasion. This order concerns a request for dismissal by defendant Sandeep Nailwal, a United Arab Emirates (UAE) resident, for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). Dkt. No. 9. The Court concludes, by the thinnest of margins, that limited jurisdictional discovery targeted specifically at Nailwal's allegedly tortious conduct within California is warranted. The motion to dismiss is denied without prejudice and may be renewed after an amended complaint is filed.

**BACKGROUND**

As alleged in the complaint, Nailwal is a resident of Dubai, UAE. Dkt. No. 1 ¶ 7. Nailwal is named in only two of the fifteen claims in the complaint, namely the third claim for aiding and abetting fraud, and the fourth claim for attempted extortion. *Id*. at 28-29. The facts alleged in support of the claims against Nailwal are scant. There are vague allegations to the effect that Nailwal was part of "a scheme to spread false rumors" and "sow discord in Cerebellum's community." *Id*. ¶ 82. These allegations are not accompanied by facts establishing that this conduct occurred within California.

A handful of slightly more developed allegations against Nailwal involve events in Dubai, UAE. Nailwal is said to have participated in a meeting in Dubai with Fred Jin, the CEO of Cerebellum, in which Jin was threatened with accusations of fraud and left in "fear for his life." *Id*. ¶¶ 89-98.[1] The complaint says that Nailwal "echoed" threats made by defendant Kenzi Wang, and implies he was not a lead player. *Id*. ¶ 96. It also alleges that Nailwal "reached out to Jin" the next day with a "mild apology" and met with Jin at a hotel in Dubai before Jin returned to the United States. *Id.* ¶¶ 100-101.

That is the sum total of the material allegations in the complaint against Nailwal. Nailwal stated in a declaration that he is a permanent resident of UAE, is CEO of a company headquartered in UAE, and has never resided, worked, or owned property in the United States. Dkt. No. 9-1. Plaintiffs did not challenge any of these facts.

## DISCUSSION

Nailwal says that the allegations in the complaint are not sufficient to establish specific jurisdiction over him in this District. Where, as here, no federal statute authorizes personal jurisdiction, the Court applies the law of California, the state in which it sits. *See Malmquist v. Malmquist*, No. 17-cv-04831-JD, 2019 WL 4194310, at *1 (N.D. Cal. Sept. 4, 2019); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). California's long-arm statute, Cal. Code Civ. Proc. § 410.10, is coextensive with the limits of the Constitution's due process clause, so the dispositive test is whether personal jurisdiction in this Court comports with traditional concepts of fair play and due process. *Schwarzenegger v. Fred Martin Motor. Co.*, 374 F.3d 797, 800-01 (9th Cir. 2004).

Specific jurisdiction focuses on the defendant's contacts with the forum state for the claims at issue. *Walden v. Fiore*, 571 U.S. 277, 283-84 (2014); *see also Daramola v. Oracle America, Inc.*, No. 19-cv-07910-JD, 2020 WL 5577146, at *1-2 (N.D. Cal. Sept. 16, 2020). This is "case-linked" jurisdiction, and it looks to whether the defendant undertook a claim-related activity in the forum state "and is therefore subject to the State's regulation." *Walden*, 571 U.S. at 283 n.6

---

[1] Jin is described by plaintiffs as a "relevant" nonparty in the complaint. Dkt. No. 1 ¶ 8.

2

(internal quotation omitted). It is the defendant's "suit-related conduct" that "must create a substantial connection with the forum State." *Id.* at 284. The claims must relate to the defendant's contacts "with the *forum*" for specific personal jurisdiction to arise. *Bristol-Myers Squibb Co. v. Superior Ct. of California*, 582 U.S. 255, 262 (2017) (internal quotation omitted) (emphasis in original); *see also Sharpe v. Puritan's Pride, Inc.*, No. 16-cv-06717-JD, 2019 WL 188658, at *4 (N.D. Cal. Jan. 14, 2019).

The claims against Nailwal sound in tort, and so the jurisdictional inquiry is focused on the purposeful direction of conduct by the defendant to California. *See Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 979 (9th Cir. 2021) (citation omitted). The purposeful direction test asks whether the defendant has "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069 (9th Cir. 2017) (internal quotation omitted); *see also Yahoo! Inc. v. La Ligue Contre le Racisme et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (en banc) (same). Plaintiffs bear "the burden of establishing that jurisdiction is proper." *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008).

Overall, the complaint does little to plausibly allege jurisdiction over Nailwal. Most of the complaint consists of allegations about Wang and others. Nailwal is presented as a distinctly minor character. The most substantive allegations against him are very cursory descriptions of events said to have happened in Dubai. Nothing in the complaint clearly ties any allegedly tortious conduct by Nailwal to California. The possibility that Nailwal may have had "continuous" business dealings within California, or a "relationship" within the state with a third party such as Jin, is not enough for a finding of specific jurisdiction. *See Zithromia Limited v. Gazeus Negocios de Internet SA*, No. 17-cv-06475-JD, 2018 WL 6340875, at *2 (N.D. Cal. Dec. 5, 2018) (quoting *Bristol-Myers Squibb Co.*, 582 U.S. at 264-65). The fact that a plaintiff may have its own contacts with California is also of no moment. "[I]t is the defendant, not the plaintiff or third parties, who must create contacts with the forum State." *Walden*, 571 U.S. at 291. "The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Id.* at 290.

3

1    All of this points toward dismissal of Nailwal, all the more so because plaintiffs did not proffer facts beyond the bare allegations in the complaint in response to Nailwal's jurisdiction objection. *See McCarthy v. Intercontinental Exchange, Inc.*, No. 20-cv-05832-JD, 2023 WL 6631708, at *1 (N.D. Cal. Oct. 10, 2023) ("When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff is obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction.") (internal quotation omitted). The mention of a consulting agreement between Nailwal and Cerebellum in the complaint, Dkt. No. 1 ¶ 7, and in an attorney declaration, Dkt. No. 20-1, Ex. 1, establishes nothing about Nailwal's allegedly tortious conduct within California.

Even so, a short period of jurisdictional discovery is warranted. The record is just barely enough to make the possibility of personal jurisdiction here more than a hunch or pure speculation. *See Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 508-09 (9th Cir. 2023). Consequently, plaintiffs may pursue discovery targeted to Nailwal's conduct within California in a manner consistent with this order. The discovery is limited to jurisdictional facts only. The discovery will be completed by March 6, 2026. Plaintiffs may file by March 16, 2026, an amended complaint plausibly alleging facts establishing specific jurisdiction over Nailwal. Nailwal may ask again to dismiss on jurisdictional grounds as warranted. Alternatively, plaintiffs may dismiss Nailwal as a defendant.

**IT IS SO ORDERED.**

Dated: December 12, 2025

JAMES DONATO
United States District Judge