# SERGENIAN LAW
### a Professional Corporation

Sergenian Law,
a Professional Corporation

808 Wilshire Blvd., Suite 200
Santa Monica, CA 90401
www.sergenianlaw.com

David A. Sergenian
(213) 435-2035
david@sergenianlaw.com

July 21, 2026

VIA ECF

The Honorable James Donato
United States District Judge
United States District Court for the Northern District of California
Courtroom 11, 19th Floor
450 Golden Gate Avenue
San Francisco, California 94102

Re:   *Interdata Network, Inc., et al. v. Wang, et al.*, N.D. Cal. Case No. 3:25-cv-03798-JD
Defendant Wang's Response to Plaintiffs' Discovery Letter (Dkt. No. 85)

Dear Judge Donato:

Defendants Ken Wang, Frank Hu, and Sandeep Nailwal submit this response to Plaintiffs' May 27, 2026 letter (Dkt. No. 85) pursuant to the Court's June 30, 2026 order (Dkt. No. 89) and Paragraph 18 of the Court's Standing Order. Plaintiffs' letter asked the Court to order Defendants' counsel to take four specific steps: respond to Plaintiffs' April 21, 2026 deficiency letter on a numbered, issue-by-issue basis; serve Wang's amended responses to Plaintiffs' First Sets; provide a date certain for Hu's document production; and propose dates for a Civil L.R. 37-1 conference. Each of those steps has been taken or is set for this week. The order Plaintiffs requested is moot.

## I.      EACH ITEM OF RELIEF REQUESTED IN DKT. NO. 85 HAS BEEN ADDRESSED

First, on June 26, 2026, Defendants served the issue-by-issue response to Plaintiffs' April 21, 2026 letter that Plaintiffs requested. In it, Wang agreed to correct the form of his responses to comply with Rules 33 and 34, including the statement Rule 34(b)(2)(C) requires for any withheld documents; to state a separate written answer to each interrogatory; and to adopt the tem-

Hon. James Donato
July 21, 2026
Page 2

poral scope Plaintiffs proposed; i.e., January 1, 2020 for documents and communications concerning the period before the Term Sheet was executed, the origination of the SAFTs and TPAs, and Wang's relationships with counterparties, and January 1, 2021 for transactional electronically stored information. Wang committed to amended or supplemental answers to Interrogatory Nos. 8–17 and 20–23 and to the production of non-privileged documents responsive to Request Nos. 22 and 23, and accepted Plaintiffs' withdrawal of Request Nos. 21, 28, 38–50, and 52.

Second, on July 24, 2026, Wang will serve his amended responses and objections to Plaintiffs' First Set of Interrogatories and First Set of Requests for Production, together with the signed verifications Plaintiffs' letter references, along with his amended responses and objections to Plaintiffs' Second Set of Interrogatories and Third Set of Requests for Production.

Third, Hu will serve his Rule 34 document production and supplemental written responses on or before July 24, 2026. As Defendants' April 25, 2026 meet-and-confer correspondence explained, Hu, who is named in a single claim for declaratory relief, has identified one responsive bank record, which he will produce; his supplemental responses will confirm, following the parties' agreed supplemental search, that no other responsive documents exist.

Fourth, on July 17, 2026, Defendants offered dates for the conference Plaintiffs requested. Plaintiffs accepted this morning: the parties will meet and confer tomorrow, July 22, 2026, at 12 noon. Wang will also serve his Rule 26(b)(5)(A) privilege log by August 7, 2026, addressing the unlogged privilege assertions Plaintiffs' letter identifies.

## II.    THE REMAINING DISPUTES ARE DISCRETE AND APPROPRIATE FOR TOMORROW'S CONFERENCE

Three categories remain. First, a group of requests seeks Wang's communications, agreements, and arrangements, if any, with the plaintiffs in two separate actions and their counsel (Interrogatory Nos. 8(e)–(f), 11(d)–(e), 13(d), 14(e)–(h), and 18; Request Nos. 17–20, 26, 27, 29, 32, 34, and 35). Defendants are not withholding discovery because Wang's special motion to strike is pending. Wang asserts the attorney-client privilege, the work-product doctrine, and the joint-prosecution and common-interest doctrines over the substance of any responsive materials, to the extent any exist, and withheld materials will appear on his privilege log. The pending motion, which addresses the allegations at ¶¶ 139–144 and ¶ 293(h) of the First Amended Complaint, bears on the proportionality and sequencing of this category. Second, Wang has answered Interrogatory No. 19 under oath and will serve an amended answer on July 24; any dispute over the sufficiency of that answer should be taken up at the conference in the first instance. Third,

Hon. James Donato
July 21, 2026
Page 3

Wang maintains relevance, proportionality, and third-party privacy objections to requests seeking his financial transactions and communications with non-parties (Request Nos. 24, 25, 31, 33, 36, and 37); his amended responses will state under Rule 34(b)(2)(C) whether any responsive documents are being withheld.

## III.    CONCLUSION

Each item of relief requested in Dkt. No. 85 has been provided or is scheduled within the week. Defendants respectfully submit that no further action by the Court is required.

Respectfully submitted,

/s/David A. Sergenian
David A. Sergenian

Sergenian Law, a Professional Corporation
*Counsel for Defendants Ken Zi Wang, Frank Hu, and Sandeep Nailwal*

cc:     All counsel of record (via ECF)