# EXHIBIT A

Plaintiffs' Second Set of Interrogatories to Defendant Kenzi Wang
and Wang's Amended Responses and Objections, served July 24, 2026

*Excerpted: Interrogatory Nos. 8, 11, 12, 13, 14, 15, 20, and 23*

# SERGENIAN LAW

a Professional Corporation

David A. Sergenian, State Bar No. 230174
david@sergenianlaw.com
808 Wilshire Blvd., Suite 200
Santa Monica, CA 90401
Telephone: (213) 435-2035

Counsel for Defendant KEN WANG

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO**

| | |
|---|---|
| INTERDATA NETWORK, INC., et al., | Case No. 3:25-cv-03798-JD |
| Plaintiffs, | Assigned to Hon. James Donato |
| v. | **DEFENDANT KEN WANG'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF INTERROGATORIES** |
| KENZI WANG, et al., | |
| Defendants. | Action Filed:  May 1, 2025 |
| | Trial Date:     October 4, 2027 |

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 8:**

Describe in detail YOUR complete relationship with LIU and/or GOOPAL, including but not limited to: (a) when YOU first met or communicated with LIU; (b) the nature and purpose of YOUR relationship; (c) any business dealings, joint ventures, investments, or financial arrangements between YOU and LIU and/or GOOPAL; (d) any agreements, whether written or oral, between YOU and LIU and/or GOOPAL; (e) whether YOU and LIU and/or GOOPAL have ever shared legal counsel, litigation strategy, or coordinated any legal proceedings against any party; and (f) for each communication between YOU and LIU, GOOPAL, or any person acting on their behalf (including their counsel at Liang Ly LLP or any other law firm) from January 1, 2019 to the present, identify: the date, the participants, the method of communication, and the subject matter discussed.

**AMENDED RESPONSE TO INTERROGATORY NO. 8:**

Responding Party incorporates his General Objections. Responding Party objects to this Interrogatory on the grounds that it seeks information concerning Liu and Goopal, who are not parties to this action and whose claims are asserted in a separate action, *Goopal Digital Limited, et al. v. Jin, et al.*, No. 3:26-cv-00857-LJC (N.D. Cal.), and that it is disproportionate to the needs of the case, particularly subpart (f), which demands a communication-by-communication catalogue of every communication over a period exceeding six years. Responding Party further objects to subparts (e) and (f) to the extent they seek information protected by the attorney-client privilege, the work-product doctrine, and the com-mon-interest and joint-prosecution doctrines. *See In re Pacific Pictures Corp.*, 679 F.3d 1121, 1129 (9th Cir. 2012). Responding Party further objects to subpart (f) on the ground that it implicates the privacy interests of third parties.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: (a) Responding Party first met Liu in or about 2019. (b) The nature and purpose of the relationship was that both Responding Party and Liu were bitcoin investors and met at networking events. Responding Party further objects to subparts (c) through (f) to the extent they seek the substance of communications, shared litigation strategy, or coordinated legal positions made in furtherance of a joint prosecution ar-rangement, which are protected by the attorney-client privilege, the work product doctrine, and the joint prosecution privilege. *See In re Pacific Pictures Corp.*, 679 F.3d 1121, 1129 (9th Cir. 2012). A common-interest arrangement exists among certain claimants and their respective counsel. The terms of that ar-rangement and the substance of communications made under it are protected by the attorney-client priv-ilege, the work-product doctrine, and the common-interest and joint-prosecution doctrines, are withheld on those grounds, and will be identified on Responding Party's privilege log.

**INTERROGATORY NO. 11:**

State whether YOU are aware that LIU and/or GOOPAL allege in the LIU COMPLAINT that they never received their $CERE token distributions, and whether YOU were aware, prior to the filing of the LIU COMPLAINT on January 27, 2026, that LIU and/or GOOPAL intended to file a lawsuit against CEREBELLUM, INTERDATA, Fred Jin, or any other party. If so, state: (a) when YOU first became aware of LIU's and/or GOOPAL's claim that they did not receive their token distributions and the source of YOUR knowledge; (b) describe any involvement YOU had in the circumstances surround-ing LIU's and/or GOOPAL's failure to receive their token distributions; (c) state whether YOU have any knowledge of any FAKE WALLET being inserted into the Cere Network distribution system to intercept or receive tokens intended for LIU and/or GOOPAL; (d) when and from whom YOU first learned of LIU's and/or GOOPAL's intention to file the LIU COMPLAINT; (e) describe any discussions, coordi-nation, or shared information between YOU and LIU and/or GOOPAL (or their counsel) regarding any potential or actual legal claims; and (f) explain why LIU does not name YOU as a defendant in the LIU COMPLAINT despite naming nearly all other similarly-situated Cere investors, advisors, and/or em-ployees.

WANG'S AMENDED RESPONSES AND OBJECTIONS TO SECOND SET OF INTERROGATORIES

**AMENDED RESPONSE TO INTERROGATORY NO. 11:**

Responding Party incorporates his General Objections. Responding Party objects to this Interrogatory on the grounds that it concerns Liu's and Goopal's non-receipt allegations, Responding Party's awareness of them, and Liu's pleading decisions, none of which is alleged in the First Amended Complaint, and that it uses discovery in this action to investigate the merits of the separate *Goopal* action. Responding Party further objects to subparts (d) and (e) to the extent they seek information protected by the attorney-client privilege, the work-product doctrine, and the common-interest and joint-prosecution doctrines. *See Pacific Pictures*, 679 F.3d at 1129.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: (a) Responding Party became aware of Liu's and Goopal's claim that they did not receive their token distributions in or about 2023. (b) Responding Party had no involvement in the circumstances surrounding Liu's or Goopal's failure to receive their token distributions. (c) Same answer as No. 9(d). (d) and (e) The timing and source of Responding Party's awareness of contemplated litigation, and any discussions, coordination, or shared information with claimants or their counsel, are withheld on the privilege grounds stated above and will be identified on Responding Party's privilege log. (f) Responding Party lacks knowledge of Liu's reasons for her pleading decisions.

**INTERROGATORY NO. 12:**

Identify each cryptocurrency wallet address that YOU own, control, have access to, or have had access to at any time from January 1, 2019 to the present that has received, held, or transferred any $CERE tokens, and for each such wallet address, state: (a) the wallet address; (b) the date(s) on which $CERE tokens were received; (c) the source of the $CERE tokens; (d) the amount of $CERE tokens received; (e) whether and when any $CERE tokens were transferred out, and if so, the destination wallet address(es); and (f) whether the wallet is or was associated with AU21 CAPITAL or any other entity.

**AMENDED RESPONSE TO INTERROGATORY NO. 12:**

Responding Party incorporates his General Objections. Responding Party objects to the period January 1, 2019 to the present as predating the events alleged; consistent with the parties' correspondence, Responding Party answers for January 1, 2020 to the present. Responding Party further objects that wallet addresses are publicly queryable on the blockchain and that their disclosure creates perpetual traceability of unrelated transactions; the information below is designated CONFIDENTIAL under the Protective Order.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: six wallets owned or controlled by Responding Party received $CERE tokens in or about January 2023 from Cere Network as earned compensation and token allocation: [REDACTED]

Responding Party identifies the following outbound $CERE transfers from wallet [REDACTED]:

(i) On January 26, 2023, 777,777 $CERE tokens were transferred to wallet [REDACTED].

(ii) On December 5, 2023, 5,000,000 $CERE tokens were transferred to wallet [REDACTED].

SERGENIAN LAW
a Professional Corporation

- 10 -

t

No other outbound transfers have been made; balances remain as reflected on the public block-chain. None of the wallets is or was associated with AU21 Capital or any other entity.

**INTERROGATORY NO. 13:**

State whether YOU filed, or caused to be filed, any legal action in the Delaware Court of Chancery or any other court relating to Cerebellum, Interdata, Cere Network, Fred Jin, or any related entity. If so, for each such action: (a)  identify the case name, case number, and court; (b)  state the date filed; (c)  identify counsel; (d)  describe any coordination with LIU, GOOPAL, QU, DING, or their respective counsel regarding the filing; and (e)  explain why neither LIU nor QU is named as a defendant or adverse party in YOUR filings despite YOUR overlapping claims and factual allegations.

WANG'S AMENDED RESPONSES AND OBJECTIONS TO SECOND SET OF INTERROGATORIES

**AMENDED RESPONSE TO INTERROGATORY NO. 13:**

Responding Party incorporates his General Objections. Responding Party objects to this Interrogatory on the ground that his litigation activity in other forums does not relate to the claims or defenses in this action. Responding Party further objects to subpart (d) to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, and the common-interest and joint-prosecu-tion doctrines.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: (a) through (c) Responding Party filed *Wang v. Jin, et al.*, C.A. No. 2026-0054-LWW (Del. Ch.), a de-rivative action on behalf of Cerebellum Network, Inc., filed on or about January 13, 2026, in which he is represented by Cole Schotz P.C.; and *Wang v. Jin, et al.*, No. 3:26-cv-03111-JD (N.D. Cal.), filed on April 10, 2026, in which he is represented by Sergenian Law, a Professional Corporation. Both dockets are public. (d) Any coordination or communications concerning those filings are withheld on the privi-lege grounds stated above and will be identified on Responding Party's privilege log. (e) Responding Party's selection of parties in his own filings reflects the advice and judgment of counsel and is withheld on that ground; Responding Party lacks knowledge of the reasons for Liu's or Qu's pleading decisions.

**INTERROGATORY NO. 14:**

Describe in detail YOUR complete relationship with QU and/or DING, including but not limited to: (a) when YOU first met or communicated with QU and/or DING; (b) the nature and purpose of YOUR relationship with each; (c) any business dealings, joint ventures, investments, or financial ar-rangements between YOU and QU and/or DING; (d) any agreements, whether written or oral, between YOU and QU and/or DING; (e) whether YOU and QU and/or DING have ever shared legal counsel,

SERGENIAN LAW
a Professional Corporation

litigation strategy, or coordinated any legal proceedings against any party; (f) whether YOU introduced QU or DING to counsel at RAINES FELDMAN, or played any role in the retention of counsel to represent QU; (g) whether YOU were aware, prior to the filing of the QU COMPLAINT on February 10, 2026, that QU and/or DING intended to file a lawsuit against CEREBELLUM, INTERDATA, Fred Jin, or any other defendant named in the QU COMPLAINT, and if so, when and from whom YOU learned of such intention; (h) describe any common interest agreement, joint defense agreement, joint prosecution agreement, or cost-sharing arrangement between or among YOU, QU, DING, LIU, GOOPAL, or any of YOUR respective counsel.

WANG'S AMENDED RESPONSES AND OBJECTIONS TO SECOND SET OF INTERROGATORIES

**AMENDED RESPONSE TO INTERROGATORY NO. 14:**

Responding Party incorporates his General Objections. Responding Party objects to this Interrogatory on the grounds that the First Amended Complaint does not mention Qu, Ding, or the *Qu* Complaint, and that the Interrogatory uses discovery in this action to investigate the separate *Qu* action. Responding Party further objects to subparts (e) through (h) to the extent they seek information protected by the attorney-client privilege, the work-product doctrine, and the common-interest and joint-prosecu-tion doctrines, including the circumstances of any retention of counsel, the timing and source of any advance knowledge acquired through privileged communications, and the terms of any common-interest arrangement. *See Pacific Pictures*, 679 F.3d at 1129. Responding Party further objects to subpart (h) on the ground that the financial terms of any cost-sharing arrangement are not relevant to any claim or defense.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: (a)Responding Party has not communicated with Qu, and first met Ding in or about 2019. (b) Respond-ing Party and Ding met at Stanford University. Responding Party further objects to subparts (c) through (f) to the extent they seek the substance of communications, shared litigation strategy, or coordinated legal positions made in furtherance of a joint prosecution arrangement, which are protected by the attorney-client privilege, the work product doctrine, and the joint prosecution privilege. *See In re PacificPictures Corp.*, 679 F.3d 1121, 1129 (9th Cir. 2012). A common-interest arrangement exists among cer-tain claimants and their respective counsel. The terms of that arrangement and the substance of commu-nications made under it are protected by the attorney-client privilege, the work-product doctrine, and the common-interest and joint-prosecution doctrines, are withheld on those grounds, and will be identified on Responding Party's privilege log.

WANG'S AMENDED RESPONSES AND OBJECTIONS TO SECOND SET OF INTERROGATORIES

**INTERROGATORY NO. 15:**

Describe in detail YOUR knowledge of the relationship between QU and DING with respect to DING's investment in Cere Network, including but not limited to: (a) whether YOU are aware that DING used QU's identity for KYC (know-your-customer) purposes to receive DING's allocation of $CERE tokens; (b) if so, when and how YOU learned of this arrangement; (c) whether YOU had any involvement in, facilitated, or were present for any discussions regarding this KYC arrangement; and (d) whether YOU are aware that QU is the named plaintiff in the QU COMPLAINT but that DING is the actual beneficial investor.

**AMENDED RESPONSE TO INTERROGATORY NO. 15:**

Responding Party incorporates his General Objections. Responding Party objects to this Interrogatory on the ground that the First Amended Complaint does not reference Qu, Ding, or any arrangement concerning Ding's use of Qu's identity for know-your-customer purposes; those allegations appear only in the Qu Complaint.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Responding Party's knowledge, if any, of the matters described in this Interrogatory derives from communications protected by the attorney-client privilege, the work-product doctrine, and the common-interest and joint-prosecution doctrines, is withheld on those grounds, and will be identified on Responding Party's privilege log.

SERGENIAN LAW
a Professional Corporation

- 16 -

**INTERROGATORY NO. 20:**

Plaintiffs' Complaint alleges that YOU represented to Plaintiffs that approximately $3 million worth of Interdata's cryptocurrencies had been irretrievably lost in a "black swan" event on the Convex Finance yield aggregator. State: (a) the specific date(s) on which YOU transferred Interdata's funds to the Convex Finance platform; (b) the wallet address(es) from and to which such transfers were made; (c) the specific "black swan" event to which YOU attribute the loss, including the date it occurred and the amount lost; (d) whether any portion of the approximately $3 million remained in wallets controlled by YOU after the alleged loss event, and if so, the amount and wallet address(es); (e) identify all documents and communications supporting YOUR claim that the funds were irretrievably lost; and (f) state whether YOU have provided any accounting of these funds to Plaintiffs, and if not, why not.

**AMENDED RESPONSE TO INTERROGATORY NO. 20:**

Responding Party incorporates his General Objections. Responding Party objects to this Interrogatory as compound, containing multiple discrete subparts, and to the preamble's characterization of the underlying events as misrepresentations, a contested issue rather than an established fact. Responding Party further objects to subpart (e) to the extent it seeks the identification of documents and commu-nications protected by the attorney-client privilege or the work-product doctrine.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: (a) the funds to the Convex Finance platform in 2021. (b) Responding Party responds pursuant to Fed.

WANG'S AMENDED RESPONSES AND OBJECTIONS TO SECOND SET OF INTERROGATORIES

R. Civ. P. 33(d). The answer to this subpart may be determined by examining, auditing, compiling, abstracting, or summarizing Responding Party's business records, including electronically stored infor-mation, and the burden of deriving or ascertaining the answer will be substantially the same for Pro-pounding Party as for Responding Party. Responding Party therefore specifies the following records: cryptographic addresses, which will be produced. Responding Party will afford Propounding Party a reasonable opportunity to examine, audit, and inspect those records and to make copies, compilations, abstracts, or summaries at a mutually convenient time and place. (c) The "black swan" event was the November 2021 collapse of the USDM stablecoin and its Curve/Convex liquidity pool. On or about November 10–11, 2021, Mochi's team converted approximately $46 million of pool deposits into voting assets—conduct Curve's Emergency DAO publicly condemned as a "clear governance attack"—and the DAO terminated the pool's rewards gauge, the first such action in the protocol's history. USDM de-pegged, and pool liquidity collapsed, rendering the staked funds illiquid. The loss was caused entirely by third parties; the event was publicly reported and is verifiable on-chain. (d) None of the funds (ap-proximately $2.6 million, not $3 million) remained. (e) See response to subpart. (f) An accounting was provided in 2023.

WANG'S AMENDED RESPONSES AND OBJECTIONS TO SECOND SET OF INTERROGATORIES

**INTERROGATORY NO. 23:**

Identify every cryptocurrency exchange account and every cryptocurrency wallet, whether self-custodied, exchange-hosted, or held through a custodial service, that YOU owned, controlled, had signing authority over, were a beneficial owner of, or had control of at any time from January 1, 2019 to the present, regardless of the type of cryptocurrency held therein. For each such account or wallet, state: (a) the name of the exchange or custodian (including but not limited to Coinbase, Binance, OKX, Bybit, Kraken, Gemini, Fireblocks, BitGo, and any decentralized or non-custodial wallet), or if self-custodied, the wallet provider or software used; (b) the account number, username, or wallet address associated with the account; (c) the name(s) in which the account is or was registered; (d) the date the account was opened and, if applicable, closed; ( e) whether the account at any time held, received, or transferred $CERE tokens, USDT, USDC, ETH, BTC, or any other cryptocurrency derived from or related to Cere Network, Interdata, Cerebellum, the sales of SAFTs or TPAs, the Convex Finance yield farming described in YOUR "black swan" claim, or the Hyperedge/Symbolic Capital fund; (f) whether the account was disclosed in YOUR initial disclosures in this action; and (g) the identity of any other person who had access to, co-owned, or was authorized to transact on the account.

WANG'S AMENDED RESPONSES AND OBJECTIONS TO SECOND SET OF INTERROGATORIES

**AMENDED RESPONSE TO INTERROGATORY NO. 23:**

Responding Party incorporates his General Objections. Responding Party objects to this Interrogatory as duplicative of Interrogatory No. 12, which seeks the same core wallet information through a narrower formulation; as overbroad and disproportionate to the extent it demands every exchange account and wallet regardless of the cryptocurrency held or any connection to the parties or the transac-tions alleged; to the period January 1, 2019 to the present as predating the events alleged; and to the disclosure of account numbers and wallet addresses on security and privacy grounds. The information below is designated CONFIDENTIAL under the Protective Order.

Subject to and without waiving the foregoing objections, Responding Party responds as follows, as to accounts and wallets that held, received, or transferred $CERE tokens or proceeds derived from the transactions alleged: the six wallets identified in Response to Interrogatory No. 12. (f) the wallets identified in Response to Interrogatory No. 12 were not identified in Responding Party's initial disclo-sures, which identified categories of information rather than individual accounts. (g) None. Responding Party maintains his objection to identifying accounts and wallets with no connection to $CERE, the parties, or the transactions alleged in this action.

SERGENIAN LAW
a Professional Corporation

July 24, 2026

**SERGENIAN LAW**

a Professional Corporation

By:    /s/David A. Sergenian
        David A. Sergenian

Counsel for Defendants KEN WANG

WANG'S AMENDED RESPONSES AND OBJECTIONS TO SECOND SET OF INTERROGATORIES

**VERIFICATION**

I, Ken Wang, declare under penalty of perjury under the laws of the United States of America, that the foregoing responses are true and correct.


Dated: July 24, 2026

_Ken Wang_
_____
Ken Wang

WANG'S AMENDED RESPONSES AND OBJECTIONS TO SECOND SET OF INTERROGATORIES

**PROOF OF SERVICE**

I, David A. Sergenian, declare:

I am employed in the County of Los Angeles, State of California. My business address is 808 Wilshire Blvd., Suite 200, Santa Monica, CA 90401. I am over the age of eighteen years and not a party to the action in which this service is made.

On July 24, 2026, I served **DEFENDANT KEN WANG'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF INTERROGATORIES** on the interested parties in this action by causing the service delivery of the above document as follows:

Matthew F. Miller
mmiller@hansonbridgett.com
**HANSON BRIDGETT LLP**
425 Market Street, 26th Floor
San Francisco, California 94105
Counsel for Plaintiff CEREBELLUM NETWORKS, INC.

Ievgeniia P. Vatrenko
jenny@vatrenkoesq.com
**LAW OFFICE OF IEVGENIIA P. VATRENKO**
2 Park Avenue, Floor 20
New York, NY 10016
Counsel for Plaintiff INTERDATA NETWORK, INC.

☒ **By email**. My electronic service address is david@sergenianlaw.com. I electronically served the documents on the persons listed above at the email addresses listed above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

July 24, 2026

/s/David A. Sergenian
David A. Sergenian