# EXHIBIT B

Plaintiffs' Third Set of Requests for Production to Defendant Kenzi Wang and Wang's Amended Responses and Objections, served July 24, 2026

*Excerpted: Request Nos. 17–20, 22, 23, 24–27, 29, and 31–37*

# SERGENIAN LAW

a Professional Corporation

David A. Sergenian, State Bar No. 230174
david@sergenianlaw.com
808 Wilshire Blvd., Suite 200
Santa Monica, CA 90401
Telephone: (213) 435-2035

Counsel for Defendant KEN WANG

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO**

| | |
|---|---|
| INTERDATA NETWORK, INC., et al., | Case No. 3:25-cv-03798-JD |
| Plaintiffs, | Assigned to Hon. James Donato |
| v. | **DEFENDANT KEN WANG'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| KENZI WANG, et al., | |
| Defendants. | Action Filed:  May 1, 2025<br>Trial Date:     October 4, 2027 |

**SERGENIAN LAW**
a Professional Corporation

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 17:**

All COMMUNICATIONS between YOU and LIU and/or GOOPAL (or any person acting on their behalf, including any attorney, agent, or representative) from January 1, 2019 to the present, including but not limited to emails, text messages, messaging application communications (e.g., WhatsApp, Telegram, Signal, WeChat), social media messages, letters, and any other form of written or electronic communication.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Responding Party incorporates his General Objections. Responding Party objects to this Request on the grounds that it seeks all communications with Liu and Goopal, across all platforms, over a period exceeding six years; that Liu and Goopal are not parties to this action and their claims are asserted in a separate action, Goopal Digital Limited, et al. v. Jin, et al., No. 3:26-cv-00857-LJC (N.D. Cal.); and that the Request is disproportionate to the needs of the case. Responding Party further objects to the extent the Request seeks communications protected by the attorney-client privilege, the work-product doctrine, and the common-interest and joint-prosecution doctrines, including communications among counsel. See In re Pacific Pictures Corp., 679 F.3d 1121, 1129 (9th Cir. 2012).

Responding Party will not produce documents in response to this Request. Pursuant to Rule 34(b)(2)(C), Responding Party states that responsive documents, if any, are being withheld on the basis of the foregoing objections; documents withheld on grounds of privilege will be identified on Respond-ing Party's privilege log, to be served on or before August 7, 2026.

WANG'S AMENDED RESPONSES AND OBJECTIONS TO THIRD SET OF RPDS

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS RELATING TO any agreement, arrangement, understanding, or coordination between YOU and LIU and/or GOOPAL, whether written or oral, including but not limited to investment agreements, joint venture agreements, partnership agreements, consulting agreements, referral agreements, or any other business arrangement.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Responding Party incorporates his General Objections. Responding Party objects to this Request on the ground that no claim or defense in this action involves any business agreement or arrangement between Responding Party and Liu or Goopal, who are not parties, and that the Request seeks to inves-tigate Responding Party's relationships with claimants in a separate proceeding. Responding Party fur-ther objects to the extent the Request seeks documents reflecting the terms or substance of a common-interest or joint-prosecution arrangement, which are protected by the attorney-client privilege, the work-product doctrine, and the common-interest and joint-prosecution doctrines.

Responding Party will not produce documents in response to this Request. Pursuant to Rule 34(b)(2)(C), Responding Party states that responsive documents, if any, are being withheld on the basis of the foregoing objections; documents withheld on grounds of privilege will be identified on Respond-ing Party's privilege log.

SERGENIAN LAW
a Professional Corporation

- 3 -
WANG'S AMENDED RESPONSES AND OBJECTIONS TO THIRD SET OF RPDS

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS RELATING TO any legal proceedings filed or contemplated by LIU, GOOPAL, and/or QU against CEREBELLUM, INTERDATA, Fred Jin, or any other party, including but not limited to: (a) drafts of complaints or other pleadings shared with YOU or YOUR counsel; (b) COMMUNICATIONS between YOU or YOUR counsel, on the one hand, and LIU's counsel at Liang Ly LLP, or QU's counsel at RAINES FELDMAN, or any other law firm representing LIU, GOOPAL, and/or QU, on the other hand; (c) DOCUMENTS reflecting any shared litigation strategy, joint investi-gation, or coordinated filing plans; and (d) any DOCUMENTS reflecting discussions about whether to name or not name specific parties as defendants.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Responding Party incorporates his General Objections. Responding Party objects to this Request on the ground that it concerns legal proceedings filed or contemplated by Liu, Goopal, and Qu, whose claims are asserted in separate actions to which Responding Party is not a party. Responding Party fur-ther objects that each of subparts (a) through (d), including draft pleadings shared among counsel, com-munications with claimants' counsel, shared litigation strategy, coordinated filing plans, and party-se-lection discussions, seeks materials protected by the attorney-client privilege, the work-product doctrine, and the common-interest and joint-prosecution doctrines.

Responding Party will not produce documents in response to this Request. Pursuant to Rule 34(b)(2)(C), Responding Party states that responsive documents, if any, are being withheld on the basis of the foregoing objections; documents withheld on grounds of privilege will be identified on Respond-ing Party's privilege log.

SERGENIAN LAW
a Professional Corporation

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS RELATING TO any legal proceedings YOU filed or contemplated in the Delaware Court of Chancery or any other court relating to CEREBELLUM, INTERDATA, Cere Network, Fred Jin, or any related entity, including but not limited to COMMUNICATIONS with LIU, GOOPAL, DING, and/or QU (or their counsel) regarding such proceedings.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Responding Party incorporates his General Objections. Responding Party objects to this Request on the ground that whether Responding Party filed or contemplated proceedings in the Delaware Court of Chancery or any other court, and his communications concerning them, do not relate to any claim or defense in this action; his filings are matters of public record. Responding Party further objects to the extent the Request seeks communications with Liu, Goopal, Ding, or Qu, or their counsel, made in furtherance of a common-interest or joint-prosecution arrangement, which are protected by the attorney-client privilege, the work-product doctrine, and the common-interest and joint-prosecution doctrines.

Responding Party will not produce documents in response to this Request. Pursuant to Rule 34(b)(2)(C), Responding Party states that responsive documents, if any, are being withheld on the basis of the foregoing objections; documents withheld on grounds of privilege will be identified on Respond-ing Party's privilege log.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS RELATING TO the distribution of $CERE tokens to investors and advisors of Cere Network, including but not limited to: (a) any lists, spreadsheets, or databases of wallet addresses designated to receive token distributions; (b) any instructions, requests, or COMMUNICATIONS YOU provided regarding wallet addresses for token distributions; (c) any DOCUMENTS reflecting YOUR involvement in verifying, inserting, or modifying wallet addresses in the Cere Network mainnet or token distribution systems; and (d) any DOCUMENTS reflecting YOUR knowledge of any wallet address being substituted, altered, or inserted without the authorization of the intended token recipient.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Responding Party incorporates his General Objections. Responding Party objects to subpart (d) on the ground that the phrase "substituted, altered, or inserted without the authorization of the intended token recipient" tracks allegations at issue in the separate Goopal action rather than any allegation in the First Amended Complaint.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Responding Party will produce responsive, non-privileged documents in his possession, custody, or con-trol concerning his involvement, if any, in the distribution of $CERE tokens to investors and advisors of Cere Network, including the categories described in subparts (a) through (c). Pursuant to Rule 34(b)(2)(C), Responding Party states that documents responsive to subpart (d), if any, are being withheld on the basis of the foregoing objection.

WANG'S AMENDED RESPONSES AND OBJECTIONS TO THIRD SET OF RPDS

SERGENIAN LAW
a Professional Corporation

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS RELATING TO the $CERE token distribution intended for LIU and/or GOOPAL, including but not limited to: (a) any wallet addresses provided by or on behalf of LIU and/or GOOPAL; (b) any COMMUNICATIONS with LIU, GOOPAL, or any third party regarding the distribution of tokens to LIU and/or GOOPAL; (c) any DOCUMENTS reflecting the actual wallet address to which LIU's and/or GOOPAL's tokens were distributed; and (d) any investigation or inquiry YOU conducted into LIU's and/or GOOPAL's failure to receive their token distributions.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Responding Party incorporates his General Objections. Responding Party objects to this Request on the ground that the First Amended Complaint does not allege that Responding Party diverted Liu's or Goopal's token distributions; those non-receipt claims are asserted in a separate action in which Re-sponding Party is not a defendant. Responding Party further objects to subpart (d) on the ground that any investigation or inquiry conducted in anticipation of litigation or in furtherance of a common-interest or joint-prosecution arrangement is protected by the work-product doctrine and the common-interest and joint-prosecution doctrines.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Responding Party will produce responsive, non-privileged documents in his possession, custody, or con-trol within the categories described in subparts (a) through (c), including wallet addresses provided by or on behalf of Liu or Goopal, non-privileged communications regarding the distribution of tokens to Liu or Goopal, and documents reflecting the wallet address to which their tokens were distributed, to the extent such documents exist. Pursuant to Rule 34(b)(2)(C), Responding Party states that documents responsive to subpart (d) are being withheld on the basis of the foregoing objections and will be identified on Responding Party's privilege log.

WANG'S AMENDED RESPONSES AND OBJECTIONS TO THIRD SET OF RPDS

SERGENIAN LAW
a Professional Corporation

**REQUEST FOR PRODUCTION NO. 24:**

All on-chain transaction records, blockchain analysis reports, or similar investigative materials YOU conducted, commissioned, or received RELATING TO any wallet address that received $CERE token distributions intended for LIU and/or GOOPAL, including any tracing of tokens from such wallet addresses to wallets associated with AU21 CAPITAL or any entity in which YOU have an interest.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Responding Party incorporates his General Objections. Responding Party objects to this Request on the ground that neither Liu's token distributions nor AU21 Capital is at issue in the First Amended Complaint. Responding Party further objects that on-chain analyses, tracing, and investigative materials prepared by or at the direction of counsel in anticipation of litigation are protected work product under Rule 26(b)(3).

Responding Party will not produce documents in response to this Request. Pursuant to Rule 34(b)(2)(C), Responding Party states that responsive documents, if any, are being withheld on the basis of the foregoing objections; documents withheld as work product will be identified on Responding Party's privilege log.

WANG'S AMENDED RESPONSES AND OBJECTIONS TO THIRD SET OF RPDS

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS RELATING TO any financial transactions, investments, fund transfers, or cryptocurrency movements between YOU and LIU and/or GOOPAL, including but not limited to: (a) wire transfers; (b) cryptocurrency transfers; (c) investment contributions; and (d) any payments or consideration exchanged between YOU and LIU and/or GOOPAL.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Responding Party incorporates his General Objections. Responding Party objects to this Request on the grounds that no claim or defense in this action involves financial transactions, investments, or fund transfers between Responding Party and Liu or Goopal, and that the Request seeks private financial information of Responding Party and non-parties.

Responding Party will not produce documents in response to this Request. Pursuant to Rule 34(b)(2)(C), Responding Party states that responsive documents, if any, are being withheld on the basis of the foregoing objections.

WANG'S AMENDED RESPONSES AND OBJECTIONS TO THIRD SET OF RPDS

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS RELATING TO the allegations in the LIU COMPLAINT, including but not limited to: (a) any DOCUMENTS reflecting YOUR knowledge of the facts alleged therein; (b) any DOCUMENTS provided by YOU to LIU, GOOPAL, or their counsel regarding the claims in the LIU COMPLAINT; and (c) any DOCUMENTS reflecting YOUR response to or analysis of the allegations in the LIU COMPLAINT.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Responding Party incorporates his General Objections. Responding Party objects to this Request on the grounds that the Goopal Complaint is the operative pleading in a separate action pending before a different judge; that a request for all documents relating to the allegations of a multi-page complaint is overbroad and effectively unbounded; and that the Request uses discovery in this action to investigate the merits of another lawsuit. Responding Party further objects to subparts (b) and (c) on the ground that documents provided to Liu, Goopal, or their counsel, and any analysis of the allegations, are protected by the attorney-client privilege, the work-product doctrine, and the common-interest and joint-prosecu-tion doctrines.

Responding Party will not produce documents in response to this Request. Pursuant to Rule 34(b)(2)(C), Responding Party states that responsive documents, if any, are being withheld on the basis of the foregoing objections; documents withheld on grounds of privilege will be identified on Respond-ing Party's privilege log.

SERGENIAN LAW
a Professional Corporation

WANG'S AMENDED RESPONSES AND OBJECTIONS TO THIRD SET OF RPDS

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS RELATING TO any persons who are named as defendants in the LIU COM-PLAINT and/or the QU COMPLAINT, including any DOCUMENTS reflecting discussions about which parties to include or exclude from legal filings.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Responding Party incorporates his General Objections. Responding Party objects to this Request on the grounds that a request for all documents relating to any person named as a defendant in two multi-defendant complaints in separate actions is boundless, disconnected from the claims in this action, and grossly disproportionate. Responding Party further objects that documents reflecting discussions about which parties to include or exclude from legal filings are protected by the attorney-client privilege, the work-product doctrine, and the common-interest and joint-prosecution doctrines, as they reflect coun-sel's mental impressions, conclusions, and legal theories.

Responding Party will not produce documents in response to this Request. Pursuant to Rule 34(b)(2)(C), Responding Party states that responsive documents, if any, are being withheld on the basis of the foregoing objections; documents withheld on grounds of privilege will be identified on Respond-ing Party's privilege log.

SERGENIAN LAW
a Professional Corporation

- 13 -

**REQUEST FOR PRODUCTION NO. 29:**

All COMMUNICATIONS between YOU and QU (or any person acting on his behalf, including any attorney, agent, or representative, including counsel at RAINES FELDMAN) from January 1, 2019 to the present, including but not limited to emails, text messages, messaging application communications (e.g., WhatsApp, Telegram, Signal, WeChat), social media messages, letters, and any other form of writ-ten or electronic communication.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Responding Party incorporates his General Objections. Responding Party objects to this Request on the grounds that the First Amended Complaint does not mention Josef Qu, whose claims are asserted in Josef Qu v. Fred Jin, et al., No. 3:26-cv-01235-TSH (N.D. Cal.), an action in which Responding Party is not a defendant, and that six years of communications with a non-party is disproportionate to the needs of the case. Responding Party further objects to the extent the Request seeks communications protected by the attorney-client privilege, the work-product doctrine, and the common-interest and joint-prosecu-tion doctrines, including communications among counsel.

Responding Party will not produce documents in response to this Request. Pursuant to Rule 34(b)(2)(C), Responding Party states that responsive documents, if any, are being withheld on the basis of the foregoing objections; documents withheld on grounds of privilege will be identified on Respond-ing Party's privilege log.

**REQUEST FOR PRODUCTION NO. 31:**

All COMMUNICATIONS between YOU and DING (or any person acting on his behalf, including any attorney, agent, or representative) from January 1, 2019 to the present, including but not limited to emails, text messages, messaging application communications (e.g., WhatsApp, Telegram, Signal, WeChat), social media messages, letters, and any other form of written or electronic communication. .

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Responding Party incorporates his General Objections. Responding Party objects to this Request on the grounds that the First Amended Complaint does not mention Kevin Ding, that no claim or defense in this action involves Responding Party's relationship with Ding, and that the Request is disproportion-ate to the needs of the case.

Responding Party will not produce documents in response to this Request. Pursuant to Rule 34(b)(2)(C), Responding Party states that responsive documents, if any, are being withheld on the basis of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS RELATING TO any agreement, arrangement, understanding, or coordination between YOU and QU, whether written or oral, including but not limited to investment agreements, joint venture agreements, partnership agreements, consulting agreements, referral agreements, fee-shar-ing or cost-sharing agreements, or any other business or litigation-related arrangement.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Responding Party incorporates his General Objections. Responding Party objects to this Request on the ground that the First Amended Complaint does not mention Qu and no claim or defense in this action involves any agreement or coordination between Responding Party and Qu. Responding Party further objects to the extent the Request seeks documents reflecting the terms or substance of a common-interest or joint-prosecution arrangement, which are protected by the attorney-client privilege, the work-product doctrine, and the common-interest and joint-prosecution doctrines.

Responding Party will not produce documents in response to this Request. Pursuant to Rule 34(b)(2)(C), Responding Party states that responsive documents, if any, are being withheld on the basis of the foregoing objections; documents withheld on grounds of privilege will be identified on Respond-ing Party's privilege log.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS RELATING TO any agreement, arrangement, understanding, or coordination between YOU and DING, whether written or oral, including but not limited to investment agreements, joint venture agreements, partnership agreements, consulting agreements, referral agreements, fee-sharing or cost-sharing agreements, or any other business or litigation-related arrangement.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Responding Party incorporates his General Objections. Responding Party objects to this Request on the ground that the First Amended Complaint does not mention Ding and no claim or defense in this action involves any agreement or coordination between Responding Party and Ding.

Responding Party will not produce documents in response to this Request. Pursuant to Rule 34(b)(2)(C), Responding Party states that responsive documents, if any, are being withheld on the basis of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 34:** All DOCUMENTS RELATING TO the allegations in the QU COMPLAINT, including but not limited to: (a) any DOCUMENTS reflecting YOUR knowledge of the facts alleged therein; (b) any DOCUMENTS provided by YOU to DING, QU or QU's counsel regarding the claims in the QU COM-PLAINT; (c) any DOCUMENTS reflecting YOUR response to or analysis of the allegations in the QU COMPLAINT; and (d) any blockchain analysis, forensic reports, wallet tracing, or investigative mate-rials that YOU shared with, received from, or jointly developed with QU, his counsel, LIU, GOOPAL, or their counsel.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Responding Party incorporates his General Objections. Responding Party objects to this Request on the grounds that the Qu Complaint is the operative pleading in a separate action pending before a different judge, and that a request for all documents relating to the allegations of a multi-page complaint is overbroad and effectively unbounded. Responding Party further objects to subparts (b) through (d) on the ground that documents exchanged among counsel, and any blockchain analysis, forensic reports, wallet tracing, or investigative materials shared with, received from, or jointly developed with Qu, his counsel, Liu, Goopal, or their counsel, are protected by the attorney-client privilege, the work-product doctrine, and the common-interest and joint-prosecution doctrines.

Responding Party will not produce documents in response to this Request. Pursuant to Rule 34(b)(2)(C), Responding Party states that responsive documents, if any, are being withheld on the basis of the foregoing objections; documents withheld on grounds of privilege will be identified on Respond-ing Party's privilege log.

SERGENIAN LAW
a Professional Corporation

**REQUEST FOR PRODUCTION NO. 35:**

All DOCUMENTS RELATING TO any COMMUNICATIONS between YOU and QU's counsel at RAINES FELDMAN (or any other law firm representing QU), including but not limited to: (a) any retainer agreements, engagement letters, or referral arrangements; (b) COMMUNICATIONS regarding the filing of the QU COMPLAINT; (c) DOCUMENTS reflecting any shared litigation strategy, joint investigation, common interest agreement, or coordinated filing plans between YOU and QU (or be-tween YOUR respective counsel); and (d) any DOCUMENTS reflecting discussions about the relation-ship between the QU COMPLAINT, the LIU COMPLAINT, and this action.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Responding Party incorporates his General Objections. Responding Party objects to this Request on the ground that no claim or defense in this action involves Responding Party's communications with Qu's counsel. Responding Party further objects that the categories described, including retainer and re-ferral arrangements, communications regarding the filing of the Qu Complaint, shared litigation strategy, joint investigation, common-interest agreements, and discussions of the relationship among parallel pro-ceedings, are in substantial part protected by the attorney-client privilege, the work-product doctrine, and the common-interest and joint-prosecution doctrines.

Responding Party will not produce documents in response to this Request. Pursuant to Rule 34(b)(2)(C), Responding Party states that responsive documents, if any, are being withheld on the basis of the foregoing objections; documents withheld on grounds of privilege will be identified on Respond-ing Party's privilege log.

SERGENIAN LAW
a Professional Corporation

WANG'S AMENDED RESPONSES AND OBJECTIONS TO THIRD SET OF RPDS

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS RELATING TO any financial transactions, investments, fund transfers, or cryptocurrency movements between YOU and DING, including but not limited to: (a) wire transfers; (b) cryptocurrency transfers; (c) investment contributions; (d) payments or consideration exchanged; and (e) any joint investments in AU21 CAPITAL or any other venture.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Responding Party incorporates his General Objections. Responding Party objects to this Request on the ground that the First Amended Complaint does not mention Ding and no claim or defense in this action involves financial transactions between Responding Party and Ding.

Responding Party will not produce documents in response to this Request. Pursuant to Rule 34(b)(2)(C), Responding Party states that responsive documents, if any, are being withheld on the basis of the foregoing objections.

WANG'S AMENDED RESPONSES AND OBJECTIONS TO THIRD SET OF RPDS

**REQUEST FOR PRODUCTION NO. 37:**

All DOCUMENTS RELATING TO any financial transactions, investments, fund transfers, or cryptocurrency movements between YOU and QU, including but not limited to: (a) wire transfers; (b) cryptocurrency transfers; (c) investment contributions; (d) payments or consideration exchanged; and (e) any joint investments in AU21 CAPITAL or any other venture.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Responding Party incorporates his General Objections. Responding Party objects to this Request on the ground that the First Amended Complaint does not mention Qu and no claim or defense in this action involves financial transactions between Responding Party and Qu.

Responding Party will not produce documents in response to this Request. Pursuant to Rule 34(b)(2)(C), Responding Party states that responsive documents, if any, are being withheld on the basis of the foregoing objections.

SERGENIAN LAW
a Professional Corporation

WANG'S AMENDED RESPONSES AND OBJECTIONS TO THIRD SET OF RPDS

July 24, 2026

**SERGENIAN LAW**

a Professional Corporation

By:    /s/David A. Sergenian
        David A. Sergenian

Counsel for Defendants KEN WANG

WANG'S AMENDED RESPONSES AND OBJECTIONS TO THIRD SET OF RPDS