# EXHIBIT C

Plaintiffs' First Set of Interrogatories and First Set of Requests for Production
and Wang's Amended Responses and Objections, served July 24, 2026

*Excerpted: Interrogatory Nos. 1–7 and Request No. 6*

**SERGENIAN LAW**
a Professional Corporation

DAVID A. SERGENIAN (SBN 230174)
david@sergenianlaw.com
808 Wilshire Blvd., Suite 200
Santa Monica, CA 90401
Telephone: (213) 435-2035

Counsel for Defendant KEN WANG

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| INTERDATA NETWORK, INC., and CEREBELLUM NETWORKS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> KENZI WANG, FRANK HU, SANDEEP NAILWAL, and DOES 1–10, <br><br> Defendants. | Case No. 3:25–cv–03798–JD <br><br> **DEFENDANT KEN WANG'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** <br><br> Action Filed: May 1, 2025 <br> Trial Date:   October 4, 2027 |

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify all PERSONAL DEVICES and accounts YOU have used during the RELEVANT PE-RIOD that contain or have contained any PLAINTIFFS' DATA or CONFIDENTIAL INFORMATION, and for each device or account, state whether YOU still possess or have access to it, what PLAINTIFFS' DATA was stored on it, when such data was placed on the device, and whether any such data has been deleted and when.

**AMENDED RESPONSE TO INTERROGATORY NO. 2:**

Responding Party incorporates his General Objections. Responding Party objects to this Inter-rogatory as compound, containing multiple discrete subparts, and as overbroad and disproportionate to the extent the definition of "CONFIDENTIAL INFORMATION" reaches any non-public information relating to Plaintiffs' business operations, which would require identification of every device on which Responding Party ever received any communication from Plaintiffs.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: during the relevant period, Responding Party used the following devices and accounts that contained documents or information received from Plaintiffs: Apple MacBook laptop computers (MacBook Pro and MacBook Air models, replaced in the ordinary course approximately every twelve to eighteen months); Apple iPhone mobile devices (upgraded in the ordinary course approximately every one to two years; Responding Party believes the device he used in 2020 was an iPhone 10); his personal Gmail

KEN WANG'S AMENDED RESPONSES TO FIRST SET OF INTERROGATORIES – CASE NO. 3:25–cv–03798–JD

SERGENIAN LAW
a Professional Corporation

account, zw2132@gmail.com; and his personal Google Drive account associated with that address. Responding Party possesses his current laptop and mobile device; prior devices were disposed of in ordinary-course upgrades as described in Response to Interrogatory No. 7. The email and Google Drive accounts remain in existence and in his possession. The Plaintiffs-related materials stored on these devices and accounts consist of marketing materials, financial summaries, and communications and documents relating to token sales, received in the ordinary course of his advisory work beginning in or about 2019. No materials relating to Plaintiffs or to this litigation have been deleted from any of these devices or accounts.

**INTERROGATORY NO. 2:**

Describe in detail all instances where YOU downloaded, copied, transferred, or otherwise obtained any PLAINTIFFS' DATA or CONFIDENTIAL INFORMATION, including what was obtained, when it was obtained, how it was obtained, where it was stored, the purpose for obtaining it, and whether it still exists in YOUR possession or control.

**AMENDED RESPONSE TO INTERROGATORY NO. 4:**

Responding Party incorporates his General Objections. Responding Party objects to this Interrogatory as compound and as overbroad to the extent the definition of "CONFIDENTIAL INFOR-MATION" is unbounded.

KEN WANG'S AMENDED RESPONSES TO FIRST SET OF INTERROGATORIES – CASE NO. 3:25–cv–03798–JD

Subject to and without waiving the foregoing objections, Responding Party responds as follows: during his advisory relationship with Plaintiffs, Responding Party received documents and information in the ordinary course of performing his advisory services, including marketing materials, financial summaries, and communications and documents relating to token sales. Such materials were received by email and through shared documents, were stored in the accounts identified in Response to Interrogatory No. 1, and were obtained for the purpose of performing his authorized advisory, fundraising, and marketing work. Materials remaining in Responding Party's possession have been preserved under his litigation hold. Responding Party did not obtain any of Plaintiffs' data or information outside the ordinary course of his authorized work.

**INTERROGATORY NO. 3:**

Identify all PERSONS to whom YOU have disclosed, shared, or provided access to any PLAIN-TIFFS' DATA or CONFIDENTIAL INFORMATION, and for each person, identify the person, describe what was shared, when it was shared, how it was shared, why it was shared, and whether YOU have any agreements with such person regarding the information.

**AMENDED RESPONSE TO INTERROGATORY NO. 6:**

Responding Party incorporates his General Objections. Responding Party objects to this Interrogatory as compound and as disproportionate to the extent it demands identification of every person with whom any non-public information relating to Plaintiffs' business operations was ever shared, since

KEN WANG'S AMENDED RESPONSES TO FIRST SET OF INTERROGATORIES – CASE NO. 3:25–cv–03798–JD

business development and marketing work necessarily involves sharing information with potential investors and partners on the company's behalf.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: in the course of his authorized advisory work, Responding Party shared information about Cere Network with potential investors and purchasers of $CERE tokens as part of his fundraising and marketing duties; after the passage of years, he cannot now recall the identities of the specific individuals. He also discussed company matters with co-defendant Sandeep Nailwal and with other advisors in the course of their common work for the company. Responding Party is not aware of any separate agreements with any such person regarding the information.

**INTERROGATORY NO. 4:**

Describe all preservation or deletion activities YOU have undertaken regarding YOUR or any PLAINTIFFS' DATA or electronic communications since becoming aware of potential claims by PLAINTIFFS, including what data was preserved, what data was deleted, when such actions occurred, who instructed such actions, and the methods used.

**AMENDED RESPONSE TO INTERROGATORY NO. 8:**

Responding Party incorporates his General Objections. Responding Party objects to this Interrogatory to the extent it seeks the substance of communications with counsel, including "who instructed such actions," which are protected by the attorney-client privilege and the work-product doctrine.

KEN WANG'S AMENDED RESPONSES TO FIRST SET OF INTERROGATORIES – CASE NO. 3:25–cv–03798–JD

Subject to and without waiving the foregoing objections, Responding Party responds as follows: upon becoming aware of Plaintiffs' potential claims, Responding Party took steps to preserve relevant communications and documents, including maintaining the accounts identified in Response to Interrogatory No. 1 and refraining from deleting relevant materials, and he has not deleted data relevant to this litigation.

**INTERROGATORY NO. 5:**

Identify all cloud storage services, email accounts, and messaging applications YOU have used during the RELEVANT PERIOD, and for each, state the service provider, account identifiers, whether any PLAINTIFFS' DATA was stored or transmitted through it, whether the account still exists, and whether any data has been deleted from it.

**AMENDED RESPONSE TO INTERROGATORY NO. 10:**

Responding Party incorporates his General Objections. Responding Party objects to this Interrogatory as compound and maintains his objection, on privacy and security grounds, to providing comprehensive account identifiers for all personal accounts.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: during the relevant period, Responding Party used the following services through which Plaintiffs' ma-terials were stored or transmitted: his personal Gmail account, zw2132@gmail.com; his personal Google Drive account associated with that address; Telegram (handle @autistkz); and Apple iMessage associ-ated with his Apple ID. Each account remains in existence, and Responding Party has not deleted any data relevant to this litigation from any of them.

**INTERROGATORY NO. 6:**

Describe any attempts to access PLAINTIFFS' systems, accounts, or data after YOUR employment ended, including what systems were accessed, when access occurred, how access was obtained, what information was accessed or obtained, and the purpose of such access.

**AMENDED RESPONSE TO INTERROGATORY NO. 12:**

Responding Party incorporates his General Objections. Responding Party objects to the characterization of his relationship with Plaintiffs as "employment"; Responding Party was an independent advisor, and he disputes that the advisory relationship was properly terminated.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Responding Party did not attempt to access Plaintiffs' systems, accounts, or data after the advisory relationship ended. Any access he had during the relationship was authorized. His access to Cerebellum's X (formerly Twitter) account was revoked by Cerebellum in early 2023.

**INTERROGATORY NO. 7:**

Identify all devices, accounts, or storage media that YOU have disposed of, sold, transferred, or reformatted since January 2022, and for each, describe what it was, when disposal occurred, method of disposal, whether it contained PLAINTIFFS' DATA, and whether data was recovered or backed up before disposal.

KEN WANG'S AMENDED RESPONSES TO FIRST SET OF INTERROGATORIES – CASE NO. 3:25–cv–03798–JD

about all devices disposed of for any reason since January 2022, including devices wholly unrelated to this litigation.

**AMENDED RESPONSE TO INTERROGATORY NO. 14:**

Responding Party incorporates his General Objections. Responding Party objects to this Interrogatory to the extent it seeks information about devices disposed of for reasons wholly unrelated to this litigation, which is private and irrelevant.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: since January 2022, Responding Party has replaced multiple iPhone mobile devices and multiple MacBook laptop computers in ordinary-course upgrades; he did not retain records of the specific models or disposal dates and cannot now identify them with greater particularity. Documents and communications relating to Plaintiffs were maintained in the email and Google Drive accounts identified in Response to Interrogatory No. 5, which remain in existence, and Responding Party did not delete or dispose of any information relating to Plaintiffs or to this dispute. Responding Party will supplement this response if further identifying information is located.

Dated: July 24, 2026

**SERGENIAN LAW**
a Professional Corporation

By:     */s/David A. Sergenian*
        DAVID A. SERGENIAN

Counsel for Defendant KEN WANG

KEN WANG'S AMENDED RESPONSES TO FIRST SET OF INTERROGATORIES – CASE NO. 3:25–cv–03798–JD

## VERIFICATION

I, Ken Wang, declare under penalty of perjury under the laws of the United States of America, that the foregoing responses are true and correct.

Dated: July 24, 2026

_____
Ken Wang

KEN WANG'S AMENDED RESPONSES TO FIRST SET OF INTERROGATORIES – CASE NO. 3:25–cv–03798–JD

SERGENIAN LAW
a Professional Corporation

**SERGENIAN LAW**
a Professional Corporation

DAVID A. SERGENIAN (SBN 230174)
david@sergenianlaw.com
808 Wilshire Blvd., Suite 200
Santa Monica, CA  90401
Telephone: (213) 435-2035

Counsel for Defendant KEN WANG

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANSICSO DIVISION

| | |
|---|---|
| INTERDATA NETWORK, INC., and CEREBELLUM NETWORKS, INC., | Case No. 3:25–cv–03798–JD |
| Plaintiffs, | **DEFENDANT KEN WANG'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION** |
| v. | |
| KENZI WANG, FRANK HU, SANDEEP NAILWAL, and DOES 1–10, | Action Filed: May 1, 2025<br>Trial Date:    October 4, 2027 |
| Defendants. | |

KEN WANG'S AMENDED RESPONSES TO FIRST SET OF RPD – CASE NO. 3:25–cv–03798–JD

**REQUEST FOR PRODUCTION NO. 6:**

All documents describing YOUR personal technology setup and capabilities, including home network configurations, personal computer specifications, mobile device configurations, installed software listings, browser extensions and plugins, development environment setups, and remote access tools.

SERGENIAN LAW
a Professional Corporation

KEN WANG'S AMENDED RESPONSES TO FIRST SET OF RPD – CASE NO. 3:25–cv–03798–JD

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Responding Party incorporates his General Objections. Responding Party objects to this Request as overbroad, disproportionate, irrelevant to any claim or defense, and invasive of privacy and security interests, and to the extent compliance would require the creation of documents that do not exist.

Responding Party will not produce documents in response to this Request as framed. Pursuant to Rule 34(b)(2)(C), responsive documents, if any, are being withheld on the basis of the foregoing objections. Responding Party remains willing to meet and confer regarding a narrowed request tied to specific claims in the operative Complaint.

SERGENIAN LAW
a Professional Corporation

KEN WANG'S AMENDED RESPONSES TO FIRST SET OF RPD – CASE NO. 3:25–cv–03798–JD

Dated: July 24, 2026

**SERGENIAN LAW**

a Professional Corporation

By:    */s/David A. Sergenian*
       DAVID A. SERGENIAN

Counsel for Defendant KEN WANG

- 15 -