# EXHIBIT D

Plaintiffs' Second Set of Requests for Production to Defendant Kenzi Wang and Wang's Responses and Objections, served January 6, 2026

*Excerpted: Request Nos. 3, 23, and 37*

**SERGENIAN LAW**
a Professional Corporation

DAVID A. SERGENIAN (SBN 230174)
david@sergenianlaw.com
2355 Westwood Blvd. #529
Los Angeles, CA  90064
Telephone: (213) 435-2035

Counsel for Defendant KEN ZI WANG

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANSICSO DIVISION

| | |
|---|---|
| INTERDATA NETWORK, INC., and CEREBELLUM NETWORKS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> KENZI WANG, FRANK HU, SANDEEP NAILWAL, and DOES 1–10, <br><br> Defendants. | Case No. 3:25–cv–03798–JD <br><br> **DEFENDANT KEN ZI WANG'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION** <br><br> Action Filed: May 1, 2025 <br> Trial Date:    October 4, 2027 |

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS relating to cryptocurrency wallets YOU controlled or had access to and all transaction histories for such wallets during the RELEVANT PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Responding Party objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case. The Request seeks documentation of all cryptocurrency wallets controlled by Responding Party for any purpose over a five-year period, including wallets wholly unrelated to this litigation. Responding Party further objects that this Request seeks highly confidential financial infor-mation implicating Responding Party's substantial privacy interest in his financial affairs. Disclosure of cryptocurrency wallet addresses is uniquely sensitive because such addresses can be used to trace an individual's entire transaction history on public blockchains, revealing the nature and extent of financial holdings and transactions far beyond any matter at issue in this litigation. Responding Party objects to the "RELEVANT PERIOD" as stated in General Objection 3 above.

Based on these objections, Responding Party will not produce documents in response to this Request as framed. Responding Party is willing to meet and confer regarding a narrowed request limited to wallets used for transactions with Plaintiffs.

- 4 -

KEN ZI WANG'S RESPONSES TO SECOND SET OF RPD – CASE NO. 3:25–cv–03798–JD

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS YOU reviewed, relied upon, or consulted in preparing YOUR motion to dismiss or declaration in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Responding Party objects to this Request as seeking documents protected by the attorney-client privilege and work product doctrine. Documents reviewed, received, or relied upon in preparing litigation filings reflect attorney mental processes and legal strategy and are protected from disclosure. See Fed. R. Civ. P. 26(b)(3); *Hickman v. Taylor*, 329 U.S. 495 (1947). Based on these objections, Responding Party will not produce documents in response to this Request.

- 11 -

SERGENIAN LAW
a Professional Corporation

**REQUEST FOR PRODUCTION NO. 37:**

All records including but not limited to account-opening/KYC files, deposit/withdrawal histories, on-chain transaction traces, IP and device logs, and any other records that link the wallets identified in Plaintiffs' disclosures to accounts at Coinbase, Binance, OKX, Bybit, Kraken, Gemini, Fireblocks, BitGo, or similar custodians.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Responding Party objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case. The Request seeks comprehensive account records, including KYC files, deposit/withdrawal histories, IP logs, and device logs, at numerous cryptocurrency exchanges without limitation to transactions at issue in this litigation. Responding Party further objects that this Request seeks highly confidential financial information implicating Responding Party's substantial privacy in-terest in his financial affairs. KYC files contain sensitive personal identification information, and dis-closure of account records would reveal the nature and extent of financial holdings and transactions far beyond any matter at issue in this litigation. Responding Party also objects that "IP and device logs" are maintained by the exchanges, not by Responding Party, and are not in his possession, custody, or control.

Based on these objections, Responding Party will not produce documents in response to this Request as framed. Responding Party is willing to meet and confer regarding a narrowed request limited to accounts used for transactions involving Plaintiffs.

- 17 -

Dated: January 6, 2026

**SERGENIAN LAW**
a Professional Corporation

By:    /s/David A. Sergenian
       DAVID A. SERGENIAN

Counsel for Defendant KEN ZI WANG

- 20 -