VATRENKO LAW P.C.

Ievgeniia Vatrenko
2 Park Avenue, Floor 20
New York, NY 10016
jenny@vatrenkolaw.com

September 14, 2026

**VIA ECF**

The Honorable James Donato
United States District Court, Northern District of California
Courtroom 11, 19th Floor
450 Golden Gate Avenue
San Francisco, California

**Re:** *Interdata Network, Inc., et al. v. Wang, et al.*, No. 3:25-cv-03798-JD
Discovery Letter Regarding the Deposition of Defendant Hu (Standing Order ¶¶ 8, 18)

Dear Judge Donato:

Plaintiffs Interdata Network, Inc. and Cerebellum Networks, Inc. request an order under Paragraph 18 of the Court's Standing Order for Discovery in Civil Cases directing Defendant Frank Hu to appear for his noticed deposition on September 21, 2026, or on a date he identifies during the weeks of September 21 or September 28.

Plaintiffs certify that they sought to meet and confer by telephone under Paragraph 18 and Civil Local Rule 37-1, proposing five call times between September 10 and 14. Mr. Hu's counsel replied only that he was "traveling this week through this coming Tuesday" and asked for availability "starting Wednesday," September 16, only three business days before the deposition, and did not respond to Plaintiffs' September 11 email stating that this letter would be filed today absent a conference.

**Background**: Plaintiffs allege that Defendant Wang fraudulently transferred a purported 1% equity stake in Cerebellum to his uncle, Mr Hu, which equity Wang never actually held because the Term Sheet was terminated before any purported equity vested. Thereafter, Mr. Hu joined Wang's coercive demands and threats against Cerebellum.

Mr. Hu answered the First Amended Complaint on April 2, 2026 (Dkt. 68). No motion is pending as to him and nothing stays discovery against him. On July 24, 2026, Mr. Hu produced one responsive document and stated that his document production was complete. His testimony is the only remaining evidence from him on, among other things, the purported transfer of a 1% interest in Cerebellum to him.

On August 6, Plaintiffs served a Rule 30(b)(1) notice for September 21 (46 days out), and the same day asked counsel, citing Paragraph 8, to confirm the date or propose another that week, offering to proceed remotely. There was no response. Plaintiffs followed up on August 17 and arranged the court reporter. Again, no response. On August 28, 22 days after the notice, counsel wrote that Mr. Hu "will not be available to be deposed in September" and offered November 13, without explanation. Plaintiffs asked for a date in the weeks of September 21, September 28, or October 5, or the specific circumstances preventing one. On September 4, counsel cited "business obligations and longstanding travel plans," offered October 23 "as a compromise," and, for the

first time, requested a Mandarin interpreter. Plaintiffs' September 5 request for a date in the window contemplated by the Standing Order, or the specific commitments preventing it, went unanswered.

**Paragraph 8 Requires More Than Unexplained Unavailability:** Paragraph 8 provides that, "[a]bsent extraordinary circumstances," counsel shall schedule depositions at mutually convenient times, and that "[o]rdinarily, if one side desires a prompt deposition, the other side is expected to agree to dates falling within 30 days of the request." Plaintiffs gave 46 days, sought availability the day of service, offered a remote deposition, and then offered any date in a three-week window. Mr. Hu's counterproposals fall 78 and 99 days after the request. "Business obligations and longstanding travel plans" are every deponent's ordinary circumstances, not extraordinary ones. Counsel has not identified a single specific commitment despite four requests, has never explained why Mr. Hu cannot sit for one day in the two and a half months between the notice and October 23, and travel is no obstacle to the videoconference deposition Mr. Hu himself requested. He has not sought a protective order under Rule 26(c).

This is now a pattern. Plaintiffs' May 27 letter (Dkt. 85) concerned the same counsel's failure to engage on discovery, and a response came only after the Court's June 30 order (Dkt. 89). Here, counsel left Plaintiffs' August 6 and 17 emails unanswered for three weeks, did not answer the September 5 email, and, when asked on September 10 and 11 for a call, offered no time before three business days before the deposition.

**The Interpreter Request**: Plaintiffs do not object to a Mandarin interpreter at Mr. Hu's expense, but the request—first made on September 4, sixteen months into this action—is hard to reconcile with the record. Mr. Hu answered the complaint in English, verified his interrogatory responses in English under penalty of perjury on July 24, 2026, and stated in them that he personally searched his email, phone, and computer using English-language search terms. His counsel has conferred with him on scheduling, and no one suggested an interpreter before September 4. Plaintiffs' September 5 and 11 questions about the languages in which Mr. Hu communicates, whether his searches captured Mandarin-language material, and whether he will supplement under Rule 26(e) remain unanswered. The request should not become a further reason for delay.

**Relief Requested**: Plaintiffs request an order that: (1) Mr. Hu appear by remote videoconference on September 21, 2026, as noticed, or, within two court days, identify a date during the week of September 21 or September 28 on which he will appear, the deposition to proceed on that date absent leave of Court; and (2) any interpreter be arranged by Mr. Hu at his expense and not delay the deposition. Plaintiffs reserve their rights as to the September 8 Rule 30(b)(2) responses and are available for a conference or hearing at the Court's convenience.

Respectfully submitted,

Ievgeniia P. Vatrenko
Vatrenko Law P.C.
Counsel for Plaintiffs Interdata Network, Inc.
and Cerebellum Networks, Inc.

cc: All counsel of record via CM/ECF