VATRENKO
L A W P . C .

Ievgeniia Vatrenko
2 Park Avenue, Floor 20
New York, NY 10016
jenny@vatrenkolaw.com

September 18, 2026

**VIA ECF**

The Honorable James Donato
United States District Court, Northern District of California
Courtroom 11, 19th Floor
450 Golden Gate Avenue
San Francisco, California

**Re:** *Interdata Network, Inc., et al. v. Wang, et al.*, No. 3:25-cv-03798-JD
Response to Mr. Hu's Letter (Dkt. 97) Regarding the Deposition of Defendant Frank Hu

Dear Judge Donato:

Plaintiffs Interdata Network, Inc. and Cerebellum Networks, Inc. respond briefly to Mr. Hu's September 18 letter (Dkt. 97) so that the record is accurate as to what has and has not been resolved.

**What is resolved.** Mr. Hu will be deposed by videoconference on Friday, October 2, 2026, for a full day. Plaintiffs will arrange a certified Mandarin interpreter so that the deposition proceeds without disruption. Plaintiffs agree that the scheduling relief requested in Dkt. 95 is moot.

**What is not resolved.** Dkt. 97 states that "[t]he relief plaintiffs requested has been resolved by agreement" and that Plaintiffs "withdrew their request that Mr. Hu bear the cost of the interpreter." Plaintiffs did not. Plaintiffs' September 17 email acknowledged that the noticing party ordinarily bears interpreter costs where the deponent requires an interpreter, and asked questions to determine whether Mr. Hu does. The allocation of the interpreter's cost is therefore an open issue.

The reason it is open is the record on Mr. Hu's English. Mr. Hu answered the First Amended Complaint in English (Dkt. 68), twice verified interrogatory responses in English under penalty of perjury (served March 11 and July 24, 2026), and stated in those responses that he personally searched his email, phone, and computer using English-language search terms. His counsel first stated that he requires an interpreter on September 4, 2026, sixteen months into this action and in the course of the scheduling dispute described in Dkt. 95. Plaintiffs asked on September 5, 11, 17, and 18 in what languages Mr. Hu communicates, including with Mr. Wang and with his counsel; whether his document searches used any Mandarin-language terms or captured Mandarin-language material; and, if not, whether he will supplement under Rule 26(e). Those questions remain unanswered. On a September 18 call, counsel took the position that the deposition itself will show whether Mr. Hu needs an interpreter.

Plaintiffs therefore ask the Court to resolve the allocation of the interpreter's cost now, by ordering that Mr. Hu bear it, as Dkt. 95 requested. If the Court instead denies Dkt. 95 as moot,

Plaintiffs ask that it do so without prejudice to (1) Plaintiffs seeking to recover the interpreter's cost from Mr. Hu following his deposition, and (2) a further letter under Paragraph 18 of the Standing Order for Discovery in Civil Cases concerning the adequacy of Mr. Hu's document search and discovery responses.

Respectfully submitted,

Ievgeniia P. Vatrenko
Vatrenko Law P.C.
Counsel for Plaintiffs Interdata Network, Inc.
and Cerebellum Networks, Inc.

cc: All counsel of record via CM/ECF