SERGENIAN LAW
a Professional Corporation

Sergenian Law,
a Professional Corporation

808 Wilshire Blvd., Suite 200
Santa Monica, CA 90401
www.sergenianlaw.com

David A. Sergenian
(213) 435-2035
david@sergenianlaw.com

October 9, 2026

The Honorable James Donato
United States District Court for the Northern District of California

Re: *Interdata Network, Inc., et al. v. Wang, et al.*, N.D. Cal. Case No. 3:25-cv-03798-JD
Defendant Wang's Request for an Order Compelling Discovery from Plaintiffs

Dear Judge Donato:

Pursuant to ¶ 18 of the Court's Standing Order for Discovery in Civil Cases, Defendant Ken Wang requests an order compelling discovery from Plaintiffs. Wang certifies that the parties met and conferred on the disputes below by telephone on March 27, 2026 (counsel are located more than 50 miles apart) and in person on April 20, 2026, at the conference the Court ordered in Dkt. No. 65, and were unable to resolve them.

**Background**

Plaintiffs responded to the requests at issue on January 12 and March 9, 2026. After letters dated March 17 and March 24 and the two conferences, Plaintiffs restated their positions by email on April 27. On October 8, Wang sent a letter that accepted two compromise proposals from Plaintiffs' April 27 email and requested a ¶ 18 conference between October 8 and 13. Plaintiffs offered that day to discuss one or two issues on October 9 or 12. Wang identified the disputes below, stated that the parties had already conferred on them, and offered to confer on the remaining issues on October 9 or 12. Plaintiffs replied on October 9 that they will respond in writing by October 22 and confer on October 22 or 23. They wrote that their positions on the second through fourth disputes "have not changed," and they contend that the conference on the first was not completed.

**1. Plaintiffs Withhold the Investigation Reports on Which They Base This Action**

Plaintiffs are withholding as work product the "Committee's investigation and findings" (Request No. 35), all but the "non-privileged portions of the Ascent report" (No. 36), and their blockchain analysis reports (Nos. 27, 62). Exs. C, D. Their March 24 letter states that "Plaintiffs will not produce them." On April 27, Plaintiffs agreed to provide the Committee's formation date, its members, and the documents it reviewed in response to Interrogatory No. 15. They have provided none of that.

The First Amended Complaint (FAC) alleges that forensic firms "found the same thing: that Wang stole at least four million dollars from Plaintiffs," and that "[t]hose findings underlie this action." FAC (Dkt. No. 64) ¶ 2. It pleads what the Ascent, DHTY, and Blockchain Intelligence Group reports found. *Id.* ¶¶ 116–118, 137. Plaintiffs' initial disclosures list the Ascent and DHTY reports and the Committee's "findings and reports" as documents they "may use to support their claims," and list both reports as "Documents Supporting Damages Computations." A party may not use protected material to prove its claims and withhold the same material from its adversary. *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992).

**2. Plaintiffs Limit Wallet and Exchange Discovery to Transfers They Select**

Plaintiffs' answer to Interrogatory No. 14 identifies no wallet. Exs. A, B. Their responses to Request Nos. 90–92 promise only documents "relevant to the claims and defenses in this action," for a period ending May 1, 2025. Exs. E, F. On April 27, Plaintiffs' counsel wrote that Plaintiffs "will not produce records of distributions of legitimately-held $CERE tokens or other Plaintiffs' funds to insiders, employees, contractors, advisors, or affiliates."

Plaintiffs allege that Wang diverted sale proceeds that purchasers should have sent to Interdata's wallets, that $2,671,400.00 he reported lost remained in his wallets, and that their consultant determined that "Wang – not Jin – misdirected" the funds. FAC ¶¶ 43, 68, 116. Wang cannot test those allegations if Plaintiffs decide which of their own transfers were legitimate and withhold the rest. Plaintiffs take the same view of Wang's records: "KYC files and transaction records linking wallets to accounts are essential tracing evidence." Dkt. No. 94 at 3.

**3. Plaintiffs Refuse Discovery on Subjects the FAC Pleads**

Request Nos. 74–88, 102, and 107–110 seek payments to and agreements with persons and entities affiliated with Plaintiffs or Mr. Jin, communications with a market maker, marketing expenditures, and records of foreign affiliates. Plaintiffs responded that they would "meet and confer" about relevance or would not produce. Exs. C–F. On April 20, the parties tabled the requests until *Wang v. Jin*, No. 3:26-cv-03111-JD, was related to this action. Plaintiffs wrote on April 27 that, once the cases are related and Wang serves the requests in that action, they "will not assert a relevance objection on the basis that the conduct at issue is not pled in the FAC." The Court related the cases on June 22. Dkt. No. 88.

The FAC alleges that Wang "falsely accused Jin of misappropriating Company's funds" and conspired to "fabricate pretextual concerns about Cerebellum's management and financial practices." FAC ¶¶ 90, 292. Plaintiffs claim damages for "false allegations of mismanagement" and for harm to Cerebellum's "market valuation." *Id.* ¶ 231. Whether Wang's statements were false, and what else affected the token price, are pleaded issues.

**4. Plaintiffs Improperly Limit Board Records to Five Subjects (Request No. 37)**

Plaintiffs have stated they will produce Cerebellum's minutes, resolutions, and consents only on five subjects and only from January 1, 2020 through May 1, 2025. Exs. C, D. The FAC alleges that the new Board, "[f]ollowing diligence," ratified the Company's previous actions and then established the Committee. FAC ¶¶ 114–115. Wang should be permitted to review the records of that diligence and ratification, and the complete set from Cerebellum's incorporation on January 2, 2019.

**5. Plaintiffs Have Not Served Verifications or the Amended Responses They Agreed to Serve**

Plaintiffs' answers to the Second Set of Interrogatories are signed by counsel and are not verified. Exs. A, B; Fed. R. Civ. P. 33(b)(3), (5). Plaintiffs wrote on April 27 that "[w]e will provide verified responses on May 15 when we exchange amended responses and objections." They have served neither verifications nor amended responses to the Second and Third Sets. On October 9, Plaintiffs' counsel wrote that Plaintiffs "will serve their remaining amended responses and verifications on the date Wang serves his." The Court has advised the parties that discovery requests "are not staged in any way." Dkt. No. 51. Wang served amended responses to Plaintiffs' First Sets, Second Set of Interrogatories, and Third Set of Requests for Production on July 24, 2026. He expects to serve amended responses to Plaintiffs' Second Set of Requests for Production and his privilege log the week of October 12.

**Relief Requested**

Wang respectfully requests an order directing Plaintiffs, within 14 days, to produce the documents and information described in Sections 1 through 4, with wallet, exchange, and board records through the present, and to serve the verifications and amended responses described in Section 5.

Respectfully submitted,

/s/ David A. Sergenian
David A. Sergenian

Sergenian Law, a Professional Corporation
*Counsel for Defendant Ken Wang*

cc: All counsel of record (via ECF)

# Exhibit A

HANSON BRIDGETT LLP
MATTHEW F. MILLER, SBN 172661
mmiller@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366

Attorneys for Plaintiff CEREBELLUM NETWORKS, INC.

IEVGENIIA P. VATRENKO (NY Bar No. 4904397) (*pro hac vice)*
jenny@vatrenkoesq.com
2 Northside Piers
Brooklyn, New York, 11249
Telephone: (718) 451-6384

Attorney for Plaintiff INTERDATA NETWORK, INC. and CEREBELLUM NETWORKS, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| INTERDATA NETWORK, INC., and CEREBELLUM NETWORKS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>KENZI WANG, FRANK HU, SANDEEP NAILWAL, and DOES 1-10,<br><br>Defendants. | Case No. 3:25-cv-03798-JD<br><br>**PLAINTIFF CEREBELLUM NETWORKS, INC.'S RESPONSE TO SECOND SET OF INTERROGATORIES PROPOUNDED BY DEFENDANT KENZI WANG** |

PROPOUNDING PARTY: Defendant KENZI WANG

RESPONDING PARTY: Plaintiff CEREBELLUM NETWORKS, INC.

SET NO.: Two

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff CEREBELLUM NETWORKS, INC. ("Responding Party") hereby submits these objections and responses to the Second Set of Interrogatories propounded by Defendant KENZI WANG ("Propounding Party").

selected the location. Documents presented by Jin were a financial presentation regarding Cerebellum, which Wang and Nailwal refused to review. Responding Party reserves the right to supplement this response as discovery proceeds.

**INTERROGATORY NO. 14:** Identify each cryptocurrency wallet address owned, controlled, or used by INTERDATA or CEREBELLUM from January 1, 2019 to present, and for each wallet, state: (a) the blockchain; (b) the date the wallet was created or first used; (c) the purpose; and (d) all PERSONS with access or control.

**RESPONSE TO INTERROGATORY NO. 14:** Responding Party objects to this Interrogatory as overbroad in its temporal scope and as seeking highly sensitive financial and security information. Responding Party further objects to subpart (d) as potentially implicating security concerns regarding Plaintiffs' cryptocurrency holdings.

Subject to and without waiving the foregoing objections, Responding Party will produce information identifying cryptocurrency wallet addresses owned or controlled by Interdata and Cerebellum that are relevant to the claims and defenses in this action. This information includes the wallets to which token sale proceeds should have been remitted, which will demonstrate that Wang directed purchasers to different addresses that Wang controlled. Responding Party reserves the right to amend and supplement this response as document review is completed.

**INTERROGATORY NO. 15:** Describe in detail the investigation conducted by the "Independent Investigatory Committee" referenced in COMPLAINT ¶ 106, including: (a) the date it was formed; (b) its members; (c) its scope; (d) all DOCUMENTS reviewed; (e) all PERSONS interviewed; (f) its findings; and (g) any reports or memoranda produced.

**RESPONSE TO INTERROGATORY NO. 15:** Responding Party objects to this Interrogatory as seeking information protected by the attorney-client privilege and work product doctrine. The Independent Investigatory Committee's work was conducted in anticipation of

litigation and at the direction of counsel. Responding Party further objects that subparts (d), (e), (f), and (g) seek privileged attorney work product.

Responding Party further objects that this Interrogatory is duplicative in part of the mandatory disclosure requirements of Fed. R. Civ. P. 26(a)(1)(A)(ii). Plaintiffs' Rule 26(a)(1) Initial Disclosures served November 4, 2025 identify "Independent Investigatory Committee (IIC) findings and reports" as a category of documents that Plaintiffs may use to support their claims.

Subject to and without waiving the foregoing objections, Responding Party states that following the discovery of Wang's misconduct in April 2023, Cerebellum formed an Independent Investigatory Committee to investigate the scope of Wang's misappropriation and other wrongdoing. The Committee's investigation confirmed that Wang had directed token sale proceeds to wallets he controlled, concealed transactions from Cerebellum's internal records, and engaged in other misconduct as alleged in the Complaint.

To the extent that any non-privileged information regarding the Committee's investigation is responsive, Responding Party will produce it in discovery. Responding Party refers Propounding Party to Plaintiffs' Rule 26(a)(1) Initial Disclosures, which identify IIC findings and reports, as well as the Ascent Fund Services Report (October 2023) and DHTY Financial Advisory Services Forensic Report (February 2024), as categories of documents supporting Plaintiffs' claims. Responding Party reserves the right to supplement this response to the extent permitted without waiving applicable privileges.

**INTERROGATORY NO. 16:** Identify all agreements between any PLAINTIFF and WANG, whether written or oral, including for each agreement: (a) the date; (b) the parties; (c) the subject matter; (d) the material terms; (e) whether written or oral; and (f) any DOCUMENTS memorializing the agreement.

(Twitter) and Telegram accounts referenced in the COMPLAINT, including: (a) the date of each effort; (b) the nature of each effort; (c) the PERSON(s) involved; (d) any COMMUNICATIONS with X or Telegram; and (e) the result.

**<u>RESPONSE TO INTERROGATORY NO. 17</u>:** Responding Party objects to this Interrogatory as compound and as seeking information protected by attorney-client privilege to the extent that it encompasses communications with counsel regarding efforts to recover the accounts.

Subject to and without waiving the foregoing objections, and based on information presently available, Responding Party states that following Wang's refusal to return control of Cerebellum's X (Twitter) account @cerenetwork and Telegram community channel, Cerebellum made efforts to regain access including:

a) Demands to Wang to return access to the accounts;

b) Communications with X (Twitter) and Telegram regarding account recovery, including providing documentation of Cerebellum's ownership;

c) Inclusion of claims for recovery of the accounts in the litigation.

To date, Wang has refused to return control of the accounts. The specific dates, participants, and results of each effort will be supplemented as responsive documents are compiled for production and document review is completed. Responding Party reserves the right to amend and supplement this response.

DATED: January 12, 2026

By: ______________________________

IEVGENIIA P. VATRENKO
Attorney for Plaintiff CEREBELLUM NETWORKS, INC.

# Exhibit B

HANSON BRIDGETT LLP
MATTHEW F. MILLER, SBN 172661
mmiller@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366

Attorneys for Plaintiff CEREBELLUM NETWORKS, INC.

IEVGENIIA P. VATRENKO (NY Bar No. 4904397) (*pro hac vice)*
jenny@vatrenkoesq.com
2 Northside Piers
Brooklyn, New York, 11249
Telephone: (718) 451-6384

Attorney for Plaintiffs INTERDATA NETWORK, INC. and CEREBELLUM NETWORKS, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| INTERDATA NETWORK, INC., and CEREBELLUM NETWORKS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>KENZI WANG, FRANK HU, SANDEEP NAILWAL, and DOES 1-10,<br><br>Defendants. | Case No. 3:25-cv-03798-JD<br><br>**PLAINTIFF INTERDATA NETWORK, INC.'S RESPONSE TO SECOND SET OF INTERROGATORIES PROPOUNDED BY DEFENDANT KENZI WANG** |

PROPOUNDING PARTY: Defendant KENZI WANG

RESPONDING PARTY: Plaintiff INTERDATA NETWORK, INC.

SET NO.: Two

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff INTERDATA NETWORK, INC. ("Responding Party") hereby submits these objections and responses to the Second Set of Interrogatories propounded by Defendant KENZI WANG ("Propounding Party").

selected the location. Documents presented by Jin were a financial presentation regarding Cerebellum, which Wang and Nailwal refused to review. Responding Party reserves the right to supplement this response as discovery proceeds.

**INTERROGATORY NO. 14:** Identify each cryptocurrency wallet address owned, controlled, or used by INTERDATA or CEREBELLUM from January 1, 2019 to present, and for each wallet, state: (a) the blockchain; (b) the date the wallet was created or first used; (c) the purpose; and (d) all PERSONS with access or control.

**RESPONSE TO INTERROGATORY NO. 14:** Responding Party objects to this Interrogatory as overbroad in its temporal scope and as seeking highly sensitive financial and security information. Responding Party further objects to subpart (d) as potentially implicating security concerns regarding Plaintiffs' cryptocurrency holdings.

Subject to and without waiving the foregoing objections, Responding Party will produce information identifying cryptocurrency wallet addresses owned or controlled by Interdata and Cerebellum that are relevant to the claims and defenses in this action. This information includes the wallets to which token sale proceeds should have been remitted, which will demonstrate that Wang directed purchasers to different addresses that Wang controlled. Responding Party reserves the right to amend and supplement this response as document review is completed.

**INTERROGATORY NO. 15:** Describe in detail the investigation conducted by the "Independent Investigatory Committee" referenced in COMPLAINT ¶ 106, including: (a) the date it was formed; (b) its members; (c) its scope; (d) all DOCUMENTS reviewed; (e) all PERSONS interviewed; (f) its findings; and (g) any reports or memoranda produced.

**RESPONSE TO INTERROGATORY NO. 15:** Responding Party objects to this Interrogatory as seeking information protected by the attorney-client privilege and work product doctrine. The Independent Investigatory Committee's work was conducted in anticipation of

litigation and at the direction of counsel. Responding Party further objects that subparts (d), (e), (f), and (g) seek privileged attorney work product.

Responding Party further objects that this Interrogatory is duplicative in part of the mandatory disclosure requirements of Fed. R. Civ. P. 26(a)(1)(A)(ii). Plaintiffs' Rule 26(a)(1) Initial Disclosures served November 4, 2025 identify "Independent Investigatory Committee (IIC) findings and reports" as a category of documents that Plaintiffs may use to support their claims.

Subject to and without waiving the foregoing objections, Responding Party states that following the discovery of Wang's misconduct in April 2023, Cerebellum formed an Independent Investigatory Committee to investigate the scope of Wang's misappropriation and other wrongdoing. The Committee's investigation confirmed that Wang had directed token sale proceeds to wallets he controlled, concealed transactions from Cerebellum's internal records, and engaged in other misconduct as alleged in the Complaint.

To the extent that any non-privileged information regarding the Committee's investigation is responsive, Responding Party will produce it in discovery. Responding Party refers Propounding Party to Plaintiffs' Rule 26(a)(1) Initial Disclosures, which identify IIC findings and reports, as well as the Ascent Fund Services Report (October 2023) and DHTY Financial Advisory Services Forensic Report (February 2024), as categories of documents supporting Plaintiffs' claims. Responding Party reserves the right to supplement this response to the extent permitted without waiving applicable privileges.

**INTERROGATORY NO. 16:** Identify all agreements between any PLAINTIFF and WANG, whether written or oral, including for each agreement: (a) the date; (b) the parties; (c) the subject matter; (d) the material terms; (e) whether written or oral; and (f) any DOCUMENTS memorializing the agreement.

(Twitter) and Telegram accounts referenced in the COMPLAINT, including: (a) the date of each effort; (b) the nature of each effort; (c) the PERSON(s) involved; (d) any COMMUNICATIONS with X or Telegram; and (e) the result.

**<u>RESPONSE TO INTERROGATORY NO. 17</u>:** Responding Party objects to this Interrogatory as compound and as seeking information protected by attorney-client privilege to the extent that it encompasses communications with counsel regarding efforts to recover the accounts.

Subject to and without waiving the foregoing objections, and based on information presently available, Responding Party states that following Wang's refusal to return control of Cerebellum's X (Twitter) account @cerenetwork and Telegram community channel, Cerebellum made efforts to regain access including:

a) Demands to Wang to return access to the accounts;

b) Communications with X (Twitter) and Telegram regarding account recovery, including providing documentation of Cerebellum's ownership;

c) Inclusion of claims for recovery of the accounts in the litigation.

To date, Wang has refused to return control of the accounts. The specific dates, participants, and results of each effort will be supplemented as responsive documents are compiled for production and document review is completed. Responding Party reserves the right to amend and supplement this response.

DATED: January 12, 2026

By: ______________________

IEVGENIIA P. VATRENKO
Attorney for Plaintiff INTERDATA NETWORK, INC.

# Exhibit C

HANSON BRIDGETT LLP
MATTHEW F. MILLER, SBN 172661
mmiller@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366

Attorneys for Plaintiff CEREBELLUM NETWORKS, INC.

IEVGENIIA P. VATRENKO (NY Bar No. 4904397) (*pro hac vice)*

jenny@vatrenkoesq.com
2 Northside Piers
Brooklyn, New York, 11249
Telephone: (718) 451-6384

Attorney for Plaintiff INTERDATA NETWORK, INC. and CEREBELLUM NETWORKS, INC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

INTERDATA NETWORK, INC., and CEREBELLUM NETWORKS, INC.,

Plaintiffs,

v.

KENZI WANG, FRANK HU, SANDEEP NAILWAL, and DOES 1-10,

Defendants.

Case No. 3:25-cv-03798-JD

**PLAINTIFF CEREBELLUM NETWORKS, INC.'S RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION PROPOUNDED BY DEFENDANT KENZI WANG**

PROPOUNDING PARTY: Defendant KENZI WANG

RESPONDING PARTY: Plaintiff CEREBELLUM NETWORKS, INC.

SET NO.: Two

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff CEREBELLUM NETWORKS, INC. ("Responding Party") submits these responses and objections to the Second Set of Requests

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:** Responding Party objects to this Request as overbroad and seeking confidential security information. The Request for "access credentials" seeks sensitive information that could compromise the security of Responding Party's cryptocurrency holdings and is not relevant to any claim or defense. Responding Party further objects to the temporal scope as overbroad. Subject to and without waiving the foregoing objections, Responding Party will produce documents reflecting wallet addresses used by Cerebellum from January 1, 2020 through May 1, 2025 that are relevant to the claims and defenses in this action, including publicly available wallet addresses and transaction records. Responding Party will not produce private keys, passwords, or access credentials.

**REQUEST FOR PRODUCTION NO. 27:** All DOCUMENTS reflecting, evidencing, or RELATING TO any cryptocurrency wallet address YOU contend was owned or controlled by WANG, including any blockchain analysis or tracing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:** Responding Party objects to this Request to the extent it seeks documents protected by the attorney work-product doctrine, including any blockchain analysis or investigative reports prepared in anticipation of litigation. Subject to and without waiving the foregoing objections, Responding Party will produce non-privileged documents reflecting wallet addresses Responding Party contends were owned or controlled by Wang, to the extent that such documents exist and are relevant to the claims and defenses in this action. Documents containing litigation strategy or attorney mental impressions will be withheld and logged on a privilege log.

**REQUEST FOR PRODUCTION NO. 28:** All DOCUMENTS RELATING TO the alleged "black swan event" referenced in the COMPLAINT, including COMMUNICATIONS with WANG, COMMUNICATIONS with Convex Finance or any RELATED platform, and any investigation.

Request as seeking documents protected from disclosure by Federal Rule of Evidence 408. Settlement discussions and negotiations are inadmissible to prove or disprove the validity or amount of a disputed claim and are protected from discovery where, as here, there is no showing that the probative value outweighs the chilling effect on future settlement negotiations. *See* Fed. R. Evid. 408; *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc*., 332 F.3d 976, 980-81 (6th Cir. 2003). Responding Party will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 34:** All DOCUMENTS and COMMUNICATIONS RELATING TO the termination of WANG from any role with CEREBELLUM or any affiliated entity, including the April 22, 2023, termination letter referenced in COMPLAINT ¶ 61.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:** Responding Party objects to this Request to the extent it seeks documents protected by the attorney-client privilege or attorney work-product doctrine. Subject to and without waiving the foregoing objections, Responding Party will produce non-privileged documents relating to the termination of Wang, including the April 22, 2023 termination letter referenced in Complaint ¶ 61 and non-privileged related communications.

**REQUEST FOR PRODUCTION NO. 35:** All DOCUMENTS and COMMUNICATIONS RELATING TO the Independent Investigatory Committee referenced in COMPLAINT ¶ 106, including its formation, scope, investigation, and findings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:** Responding Party objects to this Request to the extent it seeks documents protected by the attorney-client privilege or attorney work-product doctrine. Documents relating to the Independent Investigatory Committee were prepared in anticipation of litigation and reflect attorney mental impressions and litigation strategy. Subject to and without waiving the foregoing objections, Responding Party will produce non-privileged documents relating to the formation and scope of the Independent Investigatory

Committee. Documents reflecting the Committee's investigation and findings will be withheld as attorney work product and logged on a privilege log.

**REQUEST FOR PRODUCTION NO. 36:** The Ascent Fund Services report referenced in COMPLAINT ¶ 106, and all DOCUMENTS and COMMUNICATIONS RELATING TO Ascent's engagement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:** Responding Party objects to this Request to the extent it seeks documents protected by the attorney work-product doctrine. Subject to and without waiving the foregoing objections, Responding Party will produce non-privileged portions of the Ascent report. Communications regarding Ascent's engagement that reflect attorney-client communications or work product will be withheld and logged accordingly.

**REQUEST FOR PRODUCTION NO. 37:** All board meeting minutes, resolutions, and consents for CEREBELLUM from January 1, 2019 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:** Responding Party objects to this Request as overbroad and disproportionate to the needs of the case. The Request seeks "all" board minutes, resolutions, and consents without limitation to subject matter, which would include materials unrelated to the claims and defenses in this action. Responding Party further objects to the temporal scope as overbroad. Subject to and without waiving the foregoing objections, Responding Party will produce board meeting minutes, resolutions, and consents from January 1, 2020 through May 1, 2025 that relate to: (a) any Defendant; (b) the Term Sheet; (c) token sales relevant to the Complaint; (d) the events alleged in the Complaint; or (e) Jin's authority to act on behalf of Cerebellum with respect to matters alleged in the Complaint.

**REQUEST FOR PRODUCTION NO. 38:** All DOCUMENTS RELATING TO the addition of independent directors to CEREBELLUM's Board referenced in COMPLAINT ¶ 105.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:** Responding Party will produce

Request as overbroad, unduly burdensome, and seeking sensitive security and personal information. The Request for KYC files, IP logs, and device logs seeks information that could compromise account security and includes personal identifying information unrelated to the claims and defenses. Subject to and without waiving the foregoing objections, Responding Party will produce records from cryptocurrency exchanges linking Responding Party's wallet addresses to accounts that are relevant to the claims and defenses in this action, including deposit/withdrawal histories. Responding Party will not produce IP logs, device logs, or KYC files containing personal identifying information unrelated to the claims.

**REQUEST FOR PRODUCTION NO. 62:** All on-chain transaction traces, blockchain analysis reports, or similar investigative materials YOU conducted, commissioned, or received RELATING TO any wallet address allegedly owned or controlled by any Defendant.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:** Responding Party objects to this Request to the extent it seeks documents protected by the attorney work-product doctrine. Blockchain analysis reports and investigative materials prepared in anticipation of litigation constitute attorney work product. Subject to and without waiving the foregoing objections, Responding Party will consider producing non-privileged on-chain transaction traces relating to wallet addresses allegedly owned or controlled by any Defendant. Attorney work product will be withheld and logged on a privilege log.

**REQUEST FOR PRODUCTION NO. 63:** All DOCUMENTS sufficient to identify all electronic devices (computers, phones, tablets) used by JIN or Martijn Broersma for CEREBELLUM-related business from January 1, 2019 to present, including device identifiers and associated accounts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:** Responding Party objects to this Request as overbroad, unduly burdensome, and seeking sensitive security information. The

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72:** Responding Party objects to this Request to the extent it seeks documents protected by the attorney-client privilege and attorney work-product doctrine. Fee agreements between Responding Party and its counsel are privileged. Responding Party further objects that this Request seeks information not relevant to any party's claim or defense under Fed. R. Civ. P. 26(b)(1). Subject to and without waiving the foregoing objections, Responding Party states that there are no documents relating to litigation funding arrangement, fee arrangement with counsel providing for contingent or success-based fees, or third-party financing for this action.

**REQUEST FOR PRODUCTION NO. 73:** All DOCUMENTS RELATING TO OPENDATA NETWORK FOUNDATION's governance, formation, and relationship with INTERDATA and CEREBELLUM.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:** Responding Party objects to this Request to the extent it seeks documents exclusively within the possession, custody, or control of Opendata Network Foundation or Interdata, which are separate legal entities. Subject to and without waiving the foregoing objections, Responding Party will produce documents in its possession, custody, or control relating to Opendata Network Foundation's relationship with Cerebellum, to the extent relevant to the claims and defenses in this action.

**REQUEST FOR PRODUCTION NO. 74:** All DOCUMENTS RELATING TO any payments made by CEREBELLUM and/or INTERDATA to Maren Schwazer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:** Responding Party objects to this Request as not relevant to any party's claim or defense under Fed. R. Civ. P. 26(b)(1). Maren Schwazer is not mentioned in the Complaint and Propounding Party has not demonstrated the relevance of documents relating to this individual. Responding Party further objects to the extent this Request seeks documents of Interdata, which is a separate legal entity. Subject to and without

waiving the foregoing objections, Responding Party will meet and confer with Propounding Party regarding the relevance of this Request. If Propounding Party can establish relevance, Responding Party will conduct a reasonable search for responsive documents.

**REQUEST FOR PRODUCTION NO. 75:** All COMMUNICATIONS between CEREBELLUM and/or INTERDATA and Maren Schwazer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:** Responding Party objects to this Request as not relevant to any party's claim or defense under Fed. R. Civ. P. 26(b)(1). Maren Schwazer is not mentioned in the Complaint and Propounding Party has not demonstrated the relevance of communications with this individual. Subject to and without waiving the foregoing objections, Responding Party will meet and confer with Propounding Party regarding the relevance of this Request.

**REQUEST FOR PRODUCTION NO. 76:** All contracts or agreements between CEREBELLUM and/or INTERDATA and Maren Schwazer, including any advisory, consulting, or services agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 76:** Responding Party objects to this Request as not relevant to any party's claim or defense under Fed. R. Civ. P. 26(b)(1). Maren Schwazer is not mentioned in the Complaint. Subject to and without waiving the foregoing objections, Responding Party will meet and confer with Propounding Party regarding the relevance of this Request.

**REQUEST FOR PRODUCTION NO. 77:** All DOCUMENTS RELATING TO any payments made by CEREBELLUM and/or INTERDATA to Brad Bao.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77:** Responding Party objects to this Request as not relevant to any party's claim or defense under Fed. R. Civ. P. 26(b)(1). Brad Bao is not mentioned in the Complaint and Propounding Party has not demonstrated the relevance of

documents relating to this individual. Subject to and without waiving the foregoing objections, Responding Party will meet and confer with Propounding Party regarding the relevance of this Request.

**REQUEST FOR PRODUCTION NO. 78:** All COMMUNICATIONS between CEREBELLUM and/or INTERDATA and Brad Bao.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78:** Responding Party objects to this Request as not relevant to any party's claim or defense under Fed. R. Civ. P. 26(b)(1). Brad Bao is not mentioned in the Complaint. Subject to and without waiving the foregoing objections, Responding Party will meet and confer with Propounding Party regarding the relevance of this Request.

**REQUEST FOR PRODUCTION NO. 79:** All contracts or agreements between CEREBELLUM and/or INTERDATA and Brad Bao, including any advisory, consulting, or services agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79:** Responding Party objects to this Request as not relevant to any party's claim or defense under Fed. R. Civ. P. 26(b)(1). Brad Bao is not mentioned in the Complaint. Subject to and without waiving the foregoing objections, Responding Party will meet and confer with Propounding Party regarding the relevance of this Request.

**REQUEST FOR PRODUCTION NO. 80:** All DOCUMENTS RELATING TO any payments made by CEREBELLUM and/or INTERDATA to Francois Granade.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 80:** Responding Party objects to this Request as not relevant to any party's claim or defense under Fed. R. Civ. P. 26(b)(1). Francois Granade is not mentioned in the Complaint and Propounding Party has not demonstrated the relevance of documents relating to this individual. Subject to and without waiving the foregoing objections, Responding Party will meet and confer with Propounding Party regarding the

relevance of this Request.

**REQUEST FOR PRODUCTION NO. 81:** All COMMUNICATIONS between CEREBELLUM and/or INTERDATA and Francois Granade.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81:** Responding Party objects to this Request as not relevant to any party's claim or defense under Fed. R. Civ. P. 26(b)(1). Francois Granade is not mentioned in the Complaint. Subject to and without waiving the foregoing objections, Responding Party will meet and confer with Propounding Party regarding the relevance of this Request.

**REQUEST FOR PRODUCTION NO. 82:** All contracts or agreements between CEREBELLUM and/or INTERDATA and Francois Granade, including any advisory, consulting, or services agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 82:** Responding Party objects to this Request as not relevant to any party's claim or defense under Fed. R. Civ. P. 26(b)(1). Francois Granade is not mentioned in the Complaint. Subject to and without waiving the foregoing objections, Responding Party will meet and confer with Propounding Party regarding the relevance of this Request.

**REQUEST FOR PRODUCTION NO. 83:** All DOCUMENTS RELATING TO any payments made by CEREBELLUM and/or INTERDATA to BNW Network GMBH.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 83:** Responding Party objects to this Request as not relevant to any party's claim or defense under Fed. R. Civ. P. 26(b)(1). BNW Network GMBH is not mentioned in the Complaint and Propounding Party has not demonstrated the relevance of documents relating to this entity. Subject to and without waiving the foregoing objections, Responding Party will meet and confer with Propounding Party regarding the relevance of this Request.

**REQUEST FOR PRODUCTION NO. 84:** All COMMUNICATIONS between CEREBELLUM and/or INTERDATA and BNW Network GMBH.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84:** Responding Party objects to this Request as not relevant to any party's claim or defense under Fed. R. Civ. P. 26(b)(1). BNW Network GMBH is not mentioned in the Complaint. Subject to and without waiving the foregoing objections, Responding Party will meet and confer with Propounding Party regarding the relevance of this Request.

**REQUEST FOR PRODUCTION NO. 85:** All contracts or agreements between CEREBELLUM and/or INTERDATA and BNW Network GMBH, including any advisory, consulting, or services agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 85:** Responding Party objects to this Request as not relevant to any party's claim or defense under Fed. R. Civ. P. 26(b)(1). BNW Network GMBH is not mentioned in the Complaint. Subject to and without waiving the foregoing objections, Responding Party will meet and confer with Propounding Party regarding the relevance of this Request.

**REQUEST FOR PRODUCTION NO. 86:** All DOCUMENTS RELATING TO any payments made by CEREBELLUM and/or INTERDATA to CEF AI Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86:** Responding Party objects to this Request as not relevant to any party's claim or defense under Fed. R. Civ. P. 26(b)(1). CEF AI Inc. is not mentioned in the Complaint and Propounding Party has not demonstrated the relevance of documents relating to this entity. Subject to and without waiving the foregoing objections, Responding Party will meet and confer with Propounding Party regarding the relevance of this Request.

**REQUEST FOR PRODUCTION NO. 87:** All COMMUNICATIONS between CEREBELLUM

and/or INTERDATA and CEF AI Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 87:** Responding Party objects to this Request as not relevant to any party's claim or defense under Fed. R. Civ. P. 26(b)(1). CEF AI Inc. is not mentioned in the Complaint. Subject to and without waiving the foregoing objections, Responding Party will meet and confer with Propounding Party regarding the relevance of this Request.

**REQUEST FOR PRODUCTION NO. 88:** All contracts or agreements between CEREBELLUM and/or INTERDATA and CEF AI Inc., including any advisory, consulting, or services agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 88:** Responding Party objects to this Request as not relevant to any party's claim or defense under Fed. R. Civ. P. 26(b)(1). CEF AI Inc. is not mentioned in the Complaint. Subject to and without waiving the foregoing objections, Responding Party will meet and confer with Propounding Party regarding the relevance of this Request.

**REQUEST FOR PRODUCTION NO. 89:** All DOCUMENTS RELATING TO any Telegram account owned, controlled, or used by CEREBELLUM and/or INTERDATA, including deleted accounts, account creation records, administrative access records, and content.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 89:** Responding Party objects to this Request as overbroad to the extent it seeks "all content" from Telegram accounts, which could encompass thousands of messages unrelated to the claims and defenses. Subject to and without waiving the foregoing objections, Responding Party will produce documents relating to Telegram accounts owned or controlled by Cerebellum, including account creation records and administrative access records, to the extent relevant to the claims alleged in the Complaint. Responding Party will produce Telegram content that is relevant to the claims and defenses in this action.

DATED: January 12, 2026

By: ______________________________

IEVGENIIA P. VATRENKO
Attorney for Plaintiff CEREBELLUM NETWORKS, INC.

# Exhibit D

HANSON BRIDGETT LLP
MATTHEW F. MILLER, SBN 172661
mmiller@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366

Attorneys for Plaintiff CEREBELLUM NETWORKS, INC.

IEVGENIIA P. VATRENKO (NY Bar No. 4904397) (*pro hac vice)*

jenny@vatrenkoesq.com
2 Northside Piers
Brooklyn, New York, 11249
Telephone: (718) 451-6384

Attorney for Plaintiff INTERDATA NETWORK, INC. and CEREBELLUM NETWORKS, INC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

INTERDATA NETWORK, INC., and CEREBELLUM NETWORKS, INC.,

Plaintiffs,

v.

KENZI WANG, FRANK HU, SANDEEP NAILWAL, and DOES 1-10,

Defendants.

Case No. 3:25-cv-03798-JD

**PLAINTIFF INTERDATA NETWORK, INC.'S RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION PROPOUNDED BY DEFENDANT KENZI WANG**

PROPOUNDING PARTY: Defendant KENZI WANG

RESPONDING PARTY: Plaintiff INTERDATA NETWORK, INC.

SET NO.: Two

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff INTERDATA NETWORK, INC. ("Responding Party") submits these responses and objections to the Second Set of Requests for

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:** Responding Party objects to this Request as overbroad and seeking confidential security information. The Request for "access credentials" seeks sensitive information that could compromise the security of Responding Party's cryptocurrency holdings and is not relevant to any claim or defense. Responding Party further objects to the temporal scope as overbroad. Subject to and without waiving the foregoing objections, Responding Party will produce documents reflecting wallet addresses used by Cerebellum from January 1, 2020 through May 1, 2025 that are relevant to the claims and defenses in this action, including publicly available wallet addresses and transaction records. Responding Party will not produce private keys, passwords, or access credentials.

**REQUEST FOR PRODUCTION NO. 27:** All DOCUMENTS reflecting, evidencing, or RELATING TO any cryptocurrency wallet address YOU contend was owned or controlled by WANG, including any blockchain analysis or tracing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:** Responding Party objects to this Request to the extent it seeks documents protected by the attorney work-product doctrine, including any blockchain analysis or investigative reports prepared in anticipation of litigation. Subject to and without waiving the foregoing objections, Responding Party will produce non-privileged documents reflecting wallet addresses Responding Party contends were owned or controlled by Wang, to the extent that such documents exist and are relevant to the claims and defenses in this action. Documents containing litigation strategy or attorney mental impressions will be withheld and logged on a privilege log.

**REQUEST FOR PRODUCTION NO. 28:** All DOCUMENTS RELATING TO the alleged "black swan event" referenced in the COMPLAINT, including COMMUNICATIONS with WANG, COMMUNICATIONS with Convex Finance or any RELATED platform, and any investigation.

Request as seeking documents protected from disclosure by Federal Rule of Evidence 408. Settlement discussions and negotiations are inadmissible to prove or disprove the validity or amount of a disputed claim and are protected from discovery where, as here, there is no showing that the probative value outweighs the chilling effect on future settlement negotiations. *See* Fed. R. Evid. 408; *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 980-81 (6th Cir. 2003). Responding Party will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 34:** All DOCUMENTS and COMMUNICATIONS RELATING TO the termination of WANG from any role with CEREBELLUM or any affiliated entity, including the April 22, 2023, termination letter referenced in COMPLAINT ¶ 61.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:** Responding Party objects to this Request to the extent it seeks documents protected by the attorney-client privilege or attorney work-product doctrine. Subject to and without waiving the foregoing objections, Responding Party will produce non-privileged documents relating to the termination of Wang, including the April 22, 2023 termination letter referenced in Complaint ¶ 61 and non-privileged related communications.

**REQUEST FOR PRODUCTION NO. 35:** All DOCUMENTS and COMMUNICATIONS RELATING TO the Independent Investigatory Committee referenced in COMPLAINT ¶ 106, including its formation, scope, investigation, and findings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:** Responding Party objects to this Request to the extent it seeks documents protected by the attorney-client privilege or attorney work-product doctrine. Documents relating to the Independent Investigatory Committee were prepared in anticipation of litigation and reflect attorney mental impressions and litigation strategy. Subject to and without waiving the foregoing objections, Responding Party will produce non-privileged documents relating to the formation and scope of the Independent Investigatory

Committee. Documents reflecting the Committee's investigation and findings will be withheld as attorney work product and logged on a privilege log.

**REQUEST FOR PRODUCTION NO. 36:** The Ascent Fund Services report referenced in COMPLAINT ¶ 106, and all DOCUMENTS and COMMUNICATIONS RELATING TO Ascent's engagement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:** Responding Party objects to this Request to the extent it seeks documents protected by the attorney work-product doctrine. Subject to and without waiving the foregoing objections, Responding Party will produce non-privileged portions of the Ascent report. Communications regarding Ascent's engagement that reflect attorney-client communications or work product will be withheld and logged accordingly.

**REQUEST FOR PRODUCTION NO. 37:** All board meeting minutes, resolutions, and consents for CEREBELLUM from January 1, 2019 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:** Responding Party objects to this Request as overbroad and disproportionate to the needs of the case. The Request seeks "all" board minutes, resolutions, and consents without limitation to subject matter, which would include materials unrelated to the claims and defenses in this action. Responding Party further objects to the temporal scope as overbroad. Subject to and without waiving the foregoing objections, Responding Party will produce board meeting minutes, resolutions, and consents from January 1, 2020 through May 1, 2025 that relate to: (a) any Defendant; (b) the Term Sheet; (c) token sales relevant to the Complaint; (d) the events alleged in the Complaint; or (e) Jin's authority to act on behalf of Cerebellum with respect to matters alleged in the Complaint.

**REQUEST FOR PRODUCTION NO. 38:** All DOCUMENTS RELATING TO the addition of independent directors to CEREBELLUM's Board referenced in COMPLAINT ¶ 105.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:** Responding Party will produce

Request as overbroad, unduly burdensome, and seeking sensitive security and personal information. The Request for KYC files, IP logs, and device logs seeks information that could compromise account security and includes personal identifying information unrelated to the claims and defenses. Subject to and without waiving the foregoing objections, Responding Party will produce records from cryptocurrency exchanges linking Responding Party's wallet addresses to accounts that are relevant to the claims and defenses in this action, including deposit/withdrawal histories. Responding Party will not produce IP logs, device logs, or KYC files containing personal identifying information unrelated to the claims.

**REQUEST FOR PRODUCTION NO. 62:** All on-chain transaction traces, blockchain analysis reports, or similar investigative materials YOU conducted, commissioned, or received RELATING TO any wallet address allegedly owned or controlled by any Defendant.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:** Responding Party objects to this Request to the extent it seeks documents protected by the attorney work-product doctrine. Blockchain analysis reports and investigative materials prepared in anticipation of litigation constitute attorney work product. Subject to and without waiving the foregoing objections, Responding Party will consider producing non-privileged on-chain transaction traces relating to wallet addresses allegedly owned or controlled by any Defendant. Attorney work product will be withheld and logged on a privilege log.

**REQUEST FOR PRODUCTION NO. 63:** All DOCUMENTS sufficient to identify all electronic devices (computers, phones, tablets) used by JIN or Martijn Broersma for CEREBELLUM-related business from January 1, 2019 to present, including device identifiers and associated accounts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:** Responding Party objects to this Request as overbroad, unduly burdensome, and seeking sensitive security information. The

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72:** Responding Party objects to this Request to the extent it seeks documents protected by the attorney-client privilege and attorney work-product doctrine. Fee agreements between Responding Party and its counsel are privileged. Responding Party further objects that this Request seeks information not relevant to any party's claim or defense under Fed. R. Civ. P. 26(b)(1). Subject to and without waiving the foregoing objections, Responding Party states that there are no documents relating to litigation funding arrangement, fee arrangement with counsel providing for contingent or success-based fees, or third-party financing for this action.

**REQUEST FOR PRODUCTION NO. 73:** All DOCUMENTS RELATING TO OPENDATA NETWORK FOUNDATION's governance, formation, and relationship with INTERDATA and CEREBELLUM.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:** Responding Party objects to this Request to the extent it seeks documents exclusively within the possession, custody, or control of Opendata Network Foundation or Cerebellum, which are separate legal entities. Subject to and without waiving the foregoing objections, Responding Party will produce documents in its possession, custody, or control relating to Opendata Network Foundation's relationship with Interdata, to the extent relevant to the claims and defenses in this action.

**REQUEST FOR PRODUCTION NO. 74:** All DOCUMENTS RELATING TO any payments made by CEREBELLUM and/or INTERDATA to Maren Schwazer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:** Responding Party objects to this Request as not relevant to any party's claim or defense under Fed. R. Civ. P. 26(b)(1). Maren Schwazer is not mentioned in the Complaint and Propounding Party has not demonstrated the relevance of documents relating to this individual. Responding Party further objects to the extent this Request seeks documents of Cerebellum, which is a separate legal entity. Subject to and

without waiving the foregoing objections, Responding Party will meet and confer with Propounding Party regarding the relevance of this Request. If Propounding Party can establish relevance, Responding Party will conduct a reasonable search for responsive documents.

**REQUEST FOR PRODUCTION NO. 75:** All COMMUNICATIONS between CEREBELLUM and/or INTERDATA and Maren Schwazer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:** Responding Party objects to this Request as not relevant to any party's claim or defense under Fed. R. Civ. P. 26(b)(1). Maren Schwazer is not mentioned in the Complaint and Propounding Party has not demonstrated the relevance of communications with this individual. Subject to and without waiving the foregoing objections, Responding Party will meet and confer with Propounding Party regarding the relevance of this Request.

**REQUEST FOR PRODUCTION NO. 76:** All contracts or agreements between CEREBELLUM and/or INTERDATA and Maren Schwazer, including any advisory, consulting, or services agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 76:** Responding Party objects to this Request as not relevant to any party's claim or defense under Fed. R. Civ. P. 26(b)(1). Maren Schwazer is not mentioned in the Complaint. Subject to and without waiving the foregoing objections, Responding Party will meet and confer with Propounding Party regarding the relevance of this Request.

**REQUEST FOR PRODUCTION NO. 77:** All DOCUMENTS RELATING TO any payments made by CEREBELLUM and/or INTERDATA to Brad Bao.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77:** Responding Party objects to this Request as not relevant to any party's claim or defense under Fed. R. Civ. P. 26(b)(1). Brad Bao is not mentioned in the Complaint and Propounding Party has not demonstrated the relevance of

documents relating to this individual. Subject to and without waiving the foregoing objections, Responding Party will meet and confer with Propounding Party regarding the relevance of this Request.

**REQUEST FOR PRODUCTION NO. 78:** All COMMUNICATIONS between CEREBELLUM and/or INTERDATA and Brad Bao.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78:** Responding Party objects to this Request as not relevant to any party's claim or defense under Fed. R. Civ. P. 26(b)(1). Brad Bao is not mentioned in the Complaint. Subject to and without waiving the foregoing objections, Responding Party will meet and confer with Propounding Party regarding the relevance of this Request.

**REQUEST FOR PRODUCTION NO. 79:** All contracts or agreements between CEREBELLUM and/or INTERDATA and Brad Bao, including any advisory, consulting, or services agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79:** Responding Party objects to this Request as not relevant to any party's claim or defense under Fed. R. Civ. P. 26(b)(1). Brad Bao is not mentioned in the Complaint. Subject to and without waiving the foregoing objections, Responding Party will meet and confer with Propounding Party regarding the relevance of this Request.

**REQUEST FOR PRODUCTION NO. 80:** All DOCUMENTS RELATING TO any payments made by CEREBELLUM and/or INTERDATA to Francois Granade.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 80:** Responding Party objects to this Request as not relevant to any party's claim or defense under Fed. R. Civ. P. 26(b)(1). Francois Granade is not mentioned in the Complaint and Propounding Party has not demonstrated the relevance of documents relating to this individual. Subject to and without waiving the foregoing objections, Responding Party will meet and confer with Propounding Party regarding the

relevance of this Request.

**REQUEST FOR PRODUCTION NO. 81:** All COMMUNICATIONS between CEREBELLUM and/or INTERDATA and Francois Granade.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81:** Responding Party objects to this Request as not relevant to any party's claim or defense under Fed. R. Civ. P. 26(b)(1). Francois Granade is not mentioned in the Complaint. Subject to and without waiving the foregoing objections, Responding Party will meet and confer with Propounding Party regarding the relevance of this Request.

**REQUEST FOR PRODUCTION NO. 82:** All contracts or agreements between CEREBELLUM and/or INTERDATA and Francois Granade, including any advisory, consulting, or services agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 82:** Responding Party objects to this Request as not relevant to any party's claim or defense under Fed. R. Civ. P. 26(b)(1). Francois Granade is not mentioned in the Complaint. Subject to and without waiving the foregoing objections, Responding Party will meet and confer with Propounding Party regarding the relevance of this Request.

**REQUEST FOR PRODUCTION NO. 83:** All DOCUMENTS RELATING TO any payments made by CEREBELLUM and/or INTERDATA to BNW Network GMBH.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 83:** Responding Party objects to this Request as not relevant to any party's claim or defense under Fed. R. Civ. P. 26(b)(1). BNW Network GMBH is not mentioned in the Complaint and Propounding Party has not demonstrated the relevance of documents relating to this entity. Subject to and without waiving the foregoing objections, Responding Party will meet and confer with Propounding Party regarding the relevance of this Request.

**REQUEST FOR PRODUCTION NO. 84:** All COMMUNICATIONS between CEREBELLUM and/or INTERDATA and BNW Network GMBH.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84:** Responding Party objects to this Request as not relevant to any party's claim or defense under Fed. R. Civ. P. 26(b)(1). BNW Network GMBH is not mentioned in the Complaint. Subject to and without waiving the foregoing objections, Responding Party will meet and confer with Propounding Party regarding the relevance of this Request.

**REQUEST FOR PRODUCTION NO. 85:** All contracts or agreements between CEREBELLUM and/or INTERDATA and BNW Network GMBH, including any advisory, consulting, or services agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 85:** Responding Party objects to this Request as not relevant to any party's claim or defense under Fed. R. Civ. P. 26(b)(1). BNW Network GMBH is not mentioned in the Complaint. Subject to and without waiving the foregoing objections, Responding Party will meet and confer with Propounding Party regarding the relevance of this Request.

**REQUEST FOR PRODUCTION NO. 86:** All DOCUMENTS RELATING TO any payments made by CEREBELLUM and/or INTERDATA to CEF AI Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86:** Responding Party objects to this Request as not relevant to any party's claim or defense under Fed. R. Civ. P. 26(b)(1). CEF AI Inc. is not mentioned in the Complaint and Propounding Party has not demonstrated the relevance of documents relating to this entity. Subject to and without waiving the foregoing objections, Responding Party will meet and confer with Propounding Party regarding the relevance of this Request.

**REQUEST FOR PRODUCTION NO. 87:** All COMMUNICATIONS between CEREBELLUM

and/or INTERDATA and CEF AI Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 87:** Responding Party objects to this Request as not relevant to any party's claim or defense under Fed. R. Civ. P. 26(b)(1). CEF AI Inc. is not mentioned in the Complaint. Subject to and without waiving the foregoing objections, Responding Party will meet and confer with Propounding Party regarding the relevance of this Request.

**REQUEST FOR PRODUCTION NO. 88:** All contracts or agreements between CEREBELLUM and/or INTERDATA and CEF AI Inc., including any advisory, consulting, or services agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 88:** Responding Party objects to this Request as not relevant to any party's claim or defense under Fed. R. Civ. P. 26(b)(1). CEF AI Inc. is not mentioned in the Complaint. Subject to and without waiving the foregoing objections, Responding Party will meet and confer with Propounding Party regarding the relevance of this Request.

**REQUEST FOR PRODUCTION NO. 89:** All DOCUMENTS RELATING TO any Telegram account owned, controlled, or used by CEREBELLUM and/or INTERDATA, including deleted accounts, account creation records, administrative access records, and content.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 89:** Responding Party objects to this Request as overbroad to the extent it seeks "all content" from Telegram accounts, which could encompass thousands of messages unrelated to the claims and defenses. Subject to and without waiving the foregoing objections, Responding Party will produce documents relating to Telegram accounts owned or controlled by Cerebellum, including account creation records and administrative access records, to the extent relevant to the claims alleged in the Complaint. Responding Party will produce Telegram content that is relevant to the claims and defenses in this action.

DATED: January 12, 2026

By: ______________________________
IEVGENIIA P. VATRENKO
Attorney for Plaintiff INTERDATA NETWORK, INC.

# Exhibit E

HANSON BRIDGETT LLP
MATTHEW F. MILLER, SBN 172661
mmiller@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366

Attorneys for Plaintiff CEREBELLUM NETWORKS, INC.

IEVGENIIA P. VATRENKO (NY Bar No. 4904397) (*pro hac vice)*

jenny@vatrenkoesq.com
2 Northside Piers
Brooklyn, New York, 11249
Telephone: (718) 451-6384

Attorney for Plaintiff INTERDATA NETWORK, INC. and CEREBELLUM NETWORKS, INC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| INTERDATA NETWORK, INC., and CEREBELLUM NETWORKS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>KENZI WANG, FRANK HU, SANDEEP NAILWAL, and DOES 1-10,<br><br>Defendants. | Case No. 3:25-cv-03798-JD<br><br>**PLAINTIFF CEREBELLUM NETWORKS, INC.'S RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION PROPOUNDED BY DEFENDANT KENZI WANG** |

PROPOUNDING PARTY: Defendant KENZI WANG

RESPONDING PARTY: Plaintiff CEREBELLUM NETWORKS, INC.

SET NO.: THREE

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff CEREBELLUM NETWORKS, INC. ("Responding Party") submits these responses and objections to the Third Set of Requests

for Production propounded by Defendant KENZI WANG ("Propounding Party").

**PRELIMINARY STATEMENT**

Nothing in this response should be construed as an admission by Responding Party with respect to the admissibility or relevance of any fact or document, or of the truth or accuracy of any characterization or statement of any kind contained in Propounding Party's Requests for Production. Responding Party has not completed its investigation of the facts relating to this case, its discovery, or its preparation for trial. All responses and objections contained herein are based only upon such information and such documents that are presently available to and specifically known by Responding Party. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts and add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in and variations from the responses set forth herein. The following objections and responses are made without prejudice to Responding Party's right to produce at trial, or otherwise, evidence regarding any subsequently discovered documents. Responding Party accordingly reserves the right to modify and amend any and all responses herein as research is completed and contentions are made.

**RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 90:** All DOCUMENTS RELATING TO any cryptocurrency exchange account owned, controlled, or used by PLAINTIFFS from January 1, 2019 to present, including account-opening DOCUMENTS, know-your-customer records, account statements, trading histories, deposit and withdrawal records, and internal transfer records, on any exchange including but not limited to KuCoin, HTX, Gate.io, Coinbase, Binance, OKX, Bybit, Kraken, Gemini, Fireblocks, and BitGo.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

Responding Party objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case. The Request seeks documents relating to every cryptocurrency exchange account used by Plaintiffs since January 1, 2019 across twelve named exchanges and an unlimited number of unnamed exchanges, without limitation to subject matter or relevance to any claim or defense. Responding Party further objects that this Request seeks highly confidential financial and security information, including KYC records and account credentials, the disclosure of which could compromise account security. Responding Party further objects to the temporal scope as overbroad to the extent it seeks documents from January 1, 2019. Subject to and without waiving the foregoing objections, Responding Party will produce non-privileged documents relating to cryptocurrency exchange accounts relevant to the claims and defenses in this action from January 1, 2020 through May 1, 2025, including transaction records relevant to the misappropriation alleged in the Complaint.

**REQUEST FOR PRODUCTION NO. 91:** All DOCUMENTS sufficient to identify every cryptocurrency wallet address that has held, received, sent, or transacted in $CERE tokens at the direction of or on behalf of PLAINTIFFS from January 1, 2019 to present, including wallet creation records, wallet addresses, transaction logs, and timestamps.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 91:** Responding Party objects to this Request as overbroad and disproportionate to the needs of the case. The Request seeks identification of "every" wallet address that has transacted in $CERE tokens on behalf of Plaintiffs over a seven-year period, which is unduly burdensome. Responding Party further objects to the temporal scope as overbroad. Subject to and without waiving the foregoing objections, Responding Party will produce documents sufficient to identify wallet addresses used by Cerebellum for $CERE token transactions from January 1, 2020 through May 1, 2025 that are

relevant to the claims and defenses in this action.

**REQUEST FOR PRODUCTION NO. 92:** All DOCUMENTS RELATING TO any multisignature ("multisig") cryptocurrency wallet owned, controlled, or used by PLAINTIFFS from January 1, 2019 to present, including the identities of all authorized signers, permission and authorization records, approval thresholds, and transaction histories with stated purposes for each transaction.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 92:** Responding Party objects to this Request as overbroad, unduly burdensome, and seeking sensitive security information. The Request for permission records, approval thresholds, and comprehensive transaction histories for all multisig wallets over a seven-year period is disproportionate to the needs of the case. Subject to and without waiving the foregoing objections, Responding Party will produce non-privileged documents relating to multisig wallets relevant to the claims and defenses in this action from January 1, 2020 through May 1, 2025, including authorized signer information and transaction records relevant to the misappropriation alleged in the Complaint.

**REQUEST FOR PRODUCTION NO. 93:** All COMMUNICATIONS between PLAINTIFFS and any MARKET MAKER or investor RELATING TO $CERE tokens, token sales, token listings, liquidity, or market making from January 1, 2019 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 93:** Responding Party objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case. The Request seeks all communications with any market maker or any investor spanning over seven years. Responding Party further objects to the temporal scope as overbroad. Subject to and without waiving the foregoing objections, Responding Party will produce non-privileged communications with market makers or investors from January 1, 2020 through May 1, 2025 that are relevant to the claims and defenses in this action, including communications relating to the token sale misconduct

Complaint.

**REQUEST FOR PRODUCTION NO. 100:** All investment agreements, term sheets, side letters, subscription agreements, and RELATED DOCUMENTS for every equity or token financing round conducted by or on behalf of PLAINTIFFS from January 1, 2019 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 100:** Responding Party objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case under Fed. R. Civ. P. 26(b)(1). The Request seeks documents relating to "every equity or token financing round" over seven years, which would include transactions unrelated to the claims and defenses in this action. Subject to and without waiving the foregoing objections, Responding Party will produce non-privileged investment agreements and related documents from January 1, 2020 through May 1, 2025 that are relevant to the claims and defenses in this action, including documents relating to the token sales at issue in the Complaint.

**REQUEST FOR PRODUCTION NO. 101:** All DOCUMENTS RELATING TO the allocation, distribution, vesting, and lockup schedules for $CERE tokens for all INSIDERS from January 1, 2019 to present, including any amendments, accelerations, or modifications thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 101:** Responding Party objects to this Request as overbroad to the extent it seeks token allocation documents for "all INSIDERS," a term defined to include any current or former officer, director, founder, advisor, consultant, or key employee who received $CERE tokens. Subject to and without waiving the foregoing objections, Responding Party will produce documents relating to $CERE token allocation, vesting, and lockup schedules for Defendants and individuals relevant to the claims and defenses in this action from January 1, 2020 through May 1, 2025.

**REQUEST FOR PRODUCTION NO. 102:** All COMMUNICATIONS between PLAINTIFFS and GOTBIT from January 1, 2019 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 102:** Responding Party objects to this Request as seeking documents not relevant to any party's claim or defense and not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1). Gotbit is not mentioned in the Complaint, and Propounding Party has not demonstrated the relevance of communications with Gotbit to the claims or defenses in this action. Subject to and without waiving the foregoing objections, Responding Party will meet and confer with Propounding Party regarding the relevance of this Request. If Propounding Party can establish relevance, Responding Party will conduct a reasonable search for responsive documents.

**REQUEST FOR PRODUCTION NO. 103:** All contracts, agreements, engagement letters, and term sheets between PLAINTIFFS and any MARKET MAKER, liquidity provider, or trading firm RELATING TO $CERE tokens from January 1, 2019 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 103:** Responding Party objects to this Request as overbroad and disproportionate to the needs of the case. The Request seeks all agreements with any market maker or trading firm over seven years without limitation to relevance. Subject to and without waiving the foregoing objections, Responding Party will produce contracts and agreements with market makers relating to $CERE tokens from January 1, 2020 through May 1, 2025 that are relevant to the claims and defenses in this action.

**REQUEST FOR PRODUCTION NO. 104:** All COMMUNICATIONS between PLAINTIFFS and any cryptocurrency exchange RELATING TO the listing, delisting, trading, market making, or suspension of trading in $CERE tokens from January 1, 2019 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 104:** Responding Party objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case. The Request seeks all communications with any cryptocurrency exchange on five broad topics over seven years. Subject to and without waiving the foregoing objections, Responding Party will

blog posts and social media content are equally accessible to Propounding Party.

**REQUEST FOR PRODUCTION NO. 107:** All marketing contracts, agency agreements, influencer agreements, and records of marketing expenditures incurred by or on behalf of PLAINTIFFS from January 1, 2019 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 107:** Responding Party objects to this Request as overbroad, unduly burdensome, and not relevant to any party's claim or defense under Fed. R. Civ. P. 26(b)(1). The Request seeks all marketing contracts and expenditure records over seven years without any connection to the claims or defenses in this action. None of the causes of action arise from or relate to marketing contracts or expenditures. Subject to and without waiving the foregoing objections, Responding Party will not produce documents responsive to this Request absent a showing by Propounding Party that such documents are relevant to the claims or defenses in this action.

**REQUEST FOR PRODUCTION NO. 108:** All DOCUMENTS RELATING TO any claim, representation, or statement by or on behalf of PLAINTIFFS concerning "Fortune 1000" clients, enterprise adoption, enterprise customer relationships, or enterprise use cases, including COMMUNICATIONS with any such clients or prospective clients.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 108:** Responding Party objects to this Request as overbroad and seeking confidential business information not relevant to any party's claim or defense under Fed. R. Civ. P. 26(b)(1). The Request seeks documents concerning customer relationships and enterprise use cases without any connection to the claims alleged in the Complaint. Responding Party further objects that production of customer communications and client information would cause competitive harm and implicate third-party confidentiality obligations. Subject to and without waiving the foregoing objections, Responding Party will not produce documents responsive to this Request absent a showing by Propounding Party that such

documents are relevant to the claims or defenses in this action.

**REQUEST FOR PRODUCTION NO. 109:** All formation DOCUMENTS, operating agreements, governance DOCUMENTS, and ownership records for any entity affiliated with, controlled by, or under common control with CEREBELLUM or INTERDATA that is organized outside the United States, including but not limited to Interdata Network Limited and any other offshore entity not already identified in DOCUMENT REQUEST NOS. 59 or 73 of WANG'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO CEREBELLUM NETWORKS, INC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 109:** Responding Party objects to this Request as overbroad, unduly burdensome, and seeking documents not relevant to any party's claim or defense under Fed. R. Civ. P. 26(b)(1). The Request seeks formation and governance documents for an unlimited number of foreign-organized entities without any connection to the claims alleged in the Complaint. Responding Party further objects to the extent this Request seeks documents exclusively within the possession, custody, or control of separate legal entities. Subject to and without waiving the foregoing objections, Responding Party will not produce documents responsive to this Request absent a showing by Propounding Party that such documents are relevant to the claims or defenses in this action.

**REQUEST FOR PRODUCTION NO. 110:** All formation DOCUMENTS, operating agreements, ownership records, and governance DOCUMENTS for CEF AI, including all DOCUMENTS RELATING TO CEF AI's relationship with CEREBELLUM, INTERDATA, and JIN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 110:** Responding Party objects to this Request as seeking documents not relevant to any party's claim or defense under Fed. R. Civ. P. 26(b)(1). CEF AI is not mentioned in the Complaint, and Propounding Party has not demonstrated

the relevance of CEF AI's formation or governance documents to the claims or defenses in this action. Responding Party further objects to the extent this Request seeks documents exclusively within the possession, custody, or control of CEF AI, which is a separate legal entity. Subject to and without waiving the foregoing objections, Responding Party will meet and confer with Propounding Party regarding the relevance of this Request.

**REQUEST FOR PRODUCTION NO. 111:** All DOCUMENTS RELATING TO any transfer of funds, cryptocurrency, tokens, or other assets between CEREBELLUM and any affiliated, related, or commonly controlled entity—including but not limited to INTERDATA, OPENDATA NETWORK FOUNDATION, CEF AI, BNW Network GMBH, Interdata Network Limited, and any other offshore entity—from January 1, 2019 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 111:** Responding Party objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case. The Request seeks all inter-entity transfer records across seven named entities and an unlimited number of unnamed entities over seven years, which is not proportional to the needs of the case. Subject to and without waiving the foregoing objections, Responding Party will produce documents relating to transfers between Cerebellum and affiliated entities from January 1, 2020 through May 1, 2025 that are relevant to the claims and defenses in this action.

**REQUEST FOR PRODUCTION NO. 112:** All DOCUMENTS RELATING TO any DUBAI PROCEEDINGS, including but not limited to complaints, petitions, pleadings, filings, court or tribunal orders, evidence submitted or exchanged, witness statements, and COMMUNICATIONS with any Defendant, third party, or governmental authority RELATING TO such proceedings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 112:** Responding Party objects to this Request to the extent it seeks documents protected by the attorney-client privilege or attorney work-product doctrine, including litigation strategy and communications with counsel regarding

**RESPONSE TO REQUEST FOR PRODUCTION NO. 120:** Responding Party objects to this Request to the extent it seeks documents protected by the attorney-client privilege or attorney work-product doctrine, as compliance assessments and regulatory analyses are frequently prepared at the direction of counsel and reflect legal advice. Responding Party further objects to the temporal scope as overbroad. Subject to and without waiving the foregoing objections, Responding Party will produce non-privileged regulatory filings from January 1, 2020 through May 1, 2025 that are relevant to the claims and defenses in this action. Documents reflecting legal advice will be withheld and logged on a privilege log.

**REQUEST FOR PRODUCTION NO. 121:** All DOCUMENTS and COMMUNICATIONS between PLAINTIFFS and XIN JIN from January 1, 2019 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 121:** Responding Party objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case. The Request seeks all documents and communications with Xin Jin over seven years without limitation to subject matter. Responding Party further objects to the temporal scope as overbroad. Subject to and without waiving the foregoing objections, Responding Party will produce non-privileged documents and communications with Xin Jin from January 1, 2020 through May 1, 2025 that are relevant to the claims and defenses in this action.

DATED: March 9, 2026

By:________________________________
IEVGENIIA P. VATRENKO
Attorney for Plaintiff CEREBELLUM NETWORKS, INC.

# Exhibit F

HANSON BRIDGETT LLP
MATTHEW F. MILLER, SBN 172661
mmiller@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366

Attorneys for Plaintiff CEREBELLUM NETWORKS, INC.

IEVGENIIA P. VATRENKO (NY Bar No. 4904397) (*pro hac vice)*

jenny@vatrenkoesq.com
2 Northside Piers
Brooklyn, New York, 11249
Telephone: (718) 451-6384

Attorney for Plaintiff INTERDATA NETWORK, INC. and CEREBELLUM NETWORKS, INC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

INTERDATA NETWORK, INC., and CEREBELLUM NETWORKS, INC.,

Plaintiffs,

v.

KENZI WANG, FRANK HU, SANDEEP NAILWAL, and DOES 1-10,

Defendants.

Case No. 3:25-cv-03798-JD

**PLAINTIFF INTERDATA NETWORK, INC.'S RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION PROPOUNDED BY DEFENDANT KENZI WANG**

PROPOUNDING PARTY: Defendant KENZI WANG

RESPONDING PARTY: Plaintiff INTERDATA NETWORK, INC.

SET NO.: THREE

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff INTERDATA NETWORK, INC. ("Responding Party") submits these responses and objections to the Third Set of Requests for

Production propounded by Defendant KENZI WANG ("Propounding Party").

## PRELIMINARY STATEMENT

Nothing in this response should be construed as an admission by Responding Party with respect to the admissibility or relevance of any fact or document, or of the truth or accuracy of any characterization or statement of any kind contained in Propounding Party's Requests for Production. Responding Party has not completed its investigation of the facts relating to this case, its discovery, or its preparation for trial. All responses and objections contained herein are based only upon such information and such documents that are presently available to and specifically known by Responding Party. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts and add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in and variations from the responses set forth herein. The following objections and responses are made without prejudice to Responding Party's right to produce at trial, or otherwise, evidence regarding any subsequently discovered documents. Responding Party accordingly reserves the right to modify and amend any and all responses herein as research is completed and contentions are made.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 90:** All DOCUMENTS RELATING TO any cryptocurrency exchange account owned, controlled, or used by PLAINTIFFS from January 1, 2019 to present, including account-opening DOCUMENTS, know-your-customer records, account statements, trading histories, deposit and withdrawal records, and internal transfer records, on any exchange including but not limited to KuCoin, HTX, Gate.io, Coinbase, Binance, OKX, Bybit, Kraken, Gemini, Fireblocks, and BitGo.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

Responding Party objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case. The Request seeks documents relating to every cryptocurrency exchange account used by Plaintiffs since January 1, 2019 across twelve named exchanges and an unlimited number of unnamed exchanges, without limitation to subject matter or relevance to any claim or defense. Responding Party further objects that this Request seeks highly confidential financial and security information, including KYC records and account credentials, the disclosure of which could compromise account security. Responding Party further objects to the temporal scope as overbroad to the extent it seeks documents from January 1, 2019. Subject to and without waiving the foregoing objections, Responding Party will produce non-privileged documents relating to cryptocurrency exchange accounts relevant to the claims and defenses in this action from January 1, 2020 through May 1, 2025, including transaction records relevant to the misappropriation alleged in the Complaint.

**REQUEST FOR PRODUCTION NO. 91:** All DOCUMENTS sufficient to identify every cryptocurrency wallet address that has held, received, sent, or transacted in $CERE tokens at the direction of or on behalf of PLAINTIFFS from January 1, 2019 to present, including wallet creation records, wallet addresses, transaction logs, and timestamps.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 91:** Responding Party objects to this Request as overbroad and disproportionate to the needs of the case. The Request seeks identification of "every" wallet address that has transacted in $CERE tokens on behalf of Plaintiffs over a seven-year period, which is unduly burdensome. Responding Party further objects to the temporal scope as overbroad. Subject to and without waiving the foregoing objections, Responding Party will produce documents sufficient to identify wallet addresses used by Cerebellum for $CERE token transactions from January 1, 2020 through May 1, 2025 that are

relevant to the claims and defenses in this action.

**REQUEST FOR PRODUCTION NO. 92:** All DOCUMENTS RELATING TO any multisignature ("multisig") cryptocurrency wallet owned, controlled, or used by PLAINTIFFS from January 1, 2019 to present, including the identities of all authorized signers, permission and authorization records, approval thresholds, and transaction histories with stated purposes for each transaction.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 92:** Responding Party objects to this Request as overbroad, unduly burdensome, and seeking sensitive security information. The Request for permission records, approval thresholds, and comprehensive transaction histories for all multisig wallets over a seven-year period is disproportionate to the needs of the case. Subject to and without waiving the foregoing objections, Responding Party will produce non-privileged documents relating to multisig wallets relevant to the claims and defenses in this action from January 1, 2020 through May 1, 2025, including authorized signer information and transaction records relevant to the misappropriation alleged in the Complaint.

**REQUEST FOR PRODUCTION NO. 93:** All COMMUNICATIONS between PLAINTIFFS and any MARKET MAKER or investor RELATING TO $CERE tokens, token sales, token listings, liquidity, or market making from January 1, 2019 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 93:** Responding Party objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case. The Request seeks all communications with any market maker or any investor spanning over seven years. Responding Party further objects to the temporal scope as overbroad. Subject to and without waiving the foregoing objections, Responding Party will produce non-privileged communications with market makers or investors from January 1, 2020 through May 1, 2025 that are relevant to the claims and defenses in this action, including communications relating to the token sale misconduct

Complaint.

**REQUEST FOR PRODUCTION NO. 100:** All investment agreements, term sheets, side letters, subscription agreements, and RELATED DOCUMENTS for every equity or token financing round conducted by or on behalf of PLAINTIFFS from January 1, 2019 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 100:** Responding Party objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case under Fed. R. Civ. P. 26(b)(1). The Request seeks documents relating to “every equity or token financing round” over seven years, which would include transactions unrelated to the claims and defenses in this action. Subject to and without waiving the foregoing objections, Responding Party will produce non-privileged investment agreements and related documents from January 1, 2020 through May 1, 2025 that are relevant to the claims and defenses in this action, including documents relating to the token sales at issue in the Complaint.

**REQUEST FOR PRODUCTION NO. 101:** All DOCUMENTS RELATING TO the allocation, distribution, vesting, and lockup schedules for $CERE tokens for all INSIDERS from January 1, 2019 to present, including any amendments, accelerations, or modifications thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 101:** Responding Party objects to this Request as overbroad to the extent it seeks token allocation documents for “all INSIDERS,” a term defined to include any current or former officer, director, founder, advisor, consultant, or key employee who received $CERE tokens. Subject to and without waiving the foregoing objections, Responding Party will produce documents relating to $CERE token allocation, vesting, and lockup schedules for Defendants and individuals relevant to the claims and defenses in this action from January 1, 2020 through May 1, 2025.

**REQUEST FOR PRODUCTION NO. 102:** All COMMUNICATIONS between PLAINTIFFS and GOTBIT from January 1, 2019 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 102:** Responding Party objects to this Request as seeking documents not relevant to any party's claim or defense and not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1). Gotbit is not mentioned in the Complaint, and Propounding Party has not demonstrated the relevance of communications with Gotbit to the claims or defenses in this action. Subject to and without waiving the foregoing objections, Responding Party will meet and confer with Propounding Party regarding the relevance of this Request. If Propounding Party can establish relevance, Responding Party will conduct a reasonable search for responsive documents.

**REQUEST FOR PRODUCTION NO. 103:** All contracts, agreements, engagement letters, and term sheets between PLAINTIFFS and any MARKET MAKER, liquidity provider, or trading firm RELATING TO $CERE tokens from January 1, 2019 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 103:** Responding Party objects to this Request as overbroad and disproportionate to the needs of the case. The Request seeks all agreements with any market maker or trading firm over seven years without limitation to relevance. Subject to and without waiving the foregoing objections, Responding Party will produce contracts and agreements with market makers relating to $CERE tokens from January 1, 2020 through May 1, 2025 that are relevant to the claims and defenses in this action.

**REQUEST FOR PRODUCTION NO. 104:** All COMMUNICATIONS between PLAINTIFFS and any cryptocurrency exchange RELATING TO the listing, delisting, trading, market making, or suspension of trading in $CERE tokens from January 1, 2019 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 104:** Responding Party objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case. The Request seeks all communications with any cryptocurrency exchange on five broad topics over seven years. Subject to and without waiving the foregoing objections, Responding Party will

blog posts and social media content are equally accessible to Propounding Party.

**REQUEST FOR PRODUCTION NO. 107:** All marketing contracts, agency agreements, influencer agreements, and records of marketing expenditures incurred by or on behalf of PLAINTIFFS from January 1, 2019 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 107:** Responding Party objects to this Request as overbroad, unduly burdensome, and not relevant to any party's claim or defense under Fed. R. Civ. P. 26(b)(1). The Request seeks all marketing contracts and expenditure records over seven years without any connection to the claims or defenses in this action. None of the causes of action arise from or relate to marketing contracts or expenditures. Subject to and without waiving the foregoing objections, Responding Party will not produce documents responsive to this Request absent a showing by Propounding Party that such documents are relevant to the claims or defenses in this action.

**REQUEST FOR PRODUCTION NO. 108:** All DOCUMENTS RELATING TO any claim, representation, or statement by or on behalf of PLAINTIFFS concerning "Fortune 1000" clients, enterprise adoption, enterprise customer relationships, or enterprise use cases, including COMMUNICATIONS with any such clients or prospective clients.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 108:** Responding Party objects to this Request as overbroad and seeking confidential business information not relevant to any party's claim or defense under Fed. R. Civ. P. 26(b)(1). The Request seeks documents concerning customer relationships and enterprise use cases without any connection to the claims alleged in the Complaint. Responding Party further objects that production of customer communications and client information would cause competitive harm and implicate third-party confidentiality obligations. Subject to and without waiving the foregoing objections, Responding Party will not produce documents responsive to this Request absent a showing by Propounding Party that such

documents are relevant to the claims or defenses in this action.

**REQUEST FOR PRODUCTION NO. 109:** All formation DOCUMENTS, operating agreements, governance DOCUMENTS, and ownership records for any entity affiliated with, controlled by, or under common control with CEREBELLUM or INTERDATA that is organized outside the United States, including but not limited to Interdata Network Limited and any other offshore entity not already identified in DOCUMENT REQUEST NOS. 59 or 73 of WANG'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO CEREBELLUM NETWORKS, INC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 109:** Responding Party objects to this Request as overbroad, unduly burdensome, and seeking documents not relevant to any party's claim or defense under Fed. R. Civ. P. 26(b)(1). The Request seeks formation and governance documents for an unlimited number of foreign-organized entities without any connection to the claims alleged in the Complaint. Responding Party further objects to the extent this Request seeks documents exclusively within the possession, custody, or control of separate legal entities. Subject to and without waiving the foregoing objections, Responding Party will not produce documents responsive to this Request absent a showing by Propounding Party that such documents are relevant to the claims or defenses in this action.

**REQUEST FOR PRODUCTION NO. 110:** All formation DOCUMENTS, operating agreements, ownership records, and governance DOCUMENTS for CEF AI, including all DOCUMENTS RELATING TO CEF AI's relationship with CEREBELLUM, INTERDATA, and JIN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 110:** Responding Party objects to this Request as seeking documents not relevant to any party's claim or defense under Fed. R. Civ. P. 26(b)(1). CEF AI is not mentioned in the Complaint, and Propounding Party has not demonstrated

the relevance of CEF AI's formation or governance documents to the claims or defenses in this action. Responding Party further objects to the extent this Request seeks documents exclusively within the possession, custody, or control of CEF AI, which is a separate legal entity. Subject to and without waiving the foregoing objections, Responding Party will meet and confer with Propounding Party regarding the relevance of this Request.

**REQUEST FOR PRODUCTION NO. 111:** All DOCUMENTS RELATING TO any transfer of funds, cryptocurrency, tokens, or other assets between CEREBELLUM and any affiliated, related, or commonly controlled entity—including but not limited to INTERDATA, OPENDATA NETWORK FOUNDATION, CEF AI, BNW Network GMBH, Interdata Network Limited, and any other offshore entity—from January 1, 2019 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 111:** Responding Party objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case. The Request seeks all inter-entity transfer records across seven named entities and an unlimited number of unnamed entities over seven years, which is not proportional to the needs of the case. Subject to and without waiving the foregoing objections, Responding Party will produce documents relating to transfers between Interdata and affiliated entities from January 1, 2020 through May 1, 2025 that are relevant to the claims and defenses in this action.

**REQUEST FOR PRODUCTION NO. 112:** All DOCUMENTS RELATING TO any DUBAI PROCEEDINGS, including but not limited to complaints, petitions, pleadings, filings, court or tribunal orders, evidence submitted or exchanged, witness statements, and COMMUNICATIONS with any Defendant, third party, or governmental authority RELATING TO such proceedings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 112:** Responding Party objects to this Request to the extent it seeks documents protected by the attorney-client privilege or attorney work-product doctrine, including litigation strategy and communications with counsel regarding

**RESPONSE TO REQUEST FOR PRODUCTION NO. 120:** Responding Party objects to this Request to the extent it seeks documents protected by the attorney-client privilege or attorney work-product doctrine, as compliance assessments and regulatory analyses are frequently prepared at the direction of counsel and reflect legal advice. Responding Party further objects to the temporal scope as overbroad. Subject to and without waiving the foregoing objections, Responding Party will produce non-privileged regulatory filings from January 1, 2020 through May 1, 2025 that are relevant to the claims and defenses in this action. Documents reflecting legal advice will be withheld and logged on a privilege log.

**REQUEST FOR PRODUCTION NO. 121:** All DOCUMENTS and COMMUNICATIONS between PLAINTIFFS and XIN JIN from January 1, 2019 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 121:** Responding Party objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case. The Request seeks all documents and communications with Xin Jin over seven years without limitation to subject matter. Responding Party further objects to the temporal scope as overbroad. Subject to and without waiving the foregoing objections, Responding Party will produce non-privileged documents and communications with Xin Jin from January 1, 2020 through May 1, 2025 that are relevant to the claims and defenses in this action.

DATED: March 9, 2026

By: ______________________________

IEVGENIIA P. VATRENKO
Attorney for Plaintiff INTERDATA NETWORK, INC.