VATRENKO
LAW P.C.

Ievgeniia Vatrenko
2 Park Avenue, Floor 20
New York, NY 10016
jenny@vatrenkolaw.com

October 13, 2026

**VIA ECF**

The Honorable James Donato
United States District Court, Northern District of California
Courtroom 11, 19th Floor
450 Golden Gate Avenue
San Francisco, California

**Re:** *Interdata Network, Inc., et al. v. Wang, et al.*, No. 3:25-cv-03798-JD
Response to Defendant Wang's Letter Regarding Discovery (Dkt. 100)

Dear Judge Donato:

Plaintiffs write briefly, mindful that Paragraph 20 of the Standing Order leaves to the Court whether a response is required, because the certification in Dkt. 100 does not reflect the record and because the letter was filed while the conference it is supposed to follow was being scheduled. Plaintiffs ask that the Court defer consideration of Dkt. 100 until after the October 23 conference and grant leave to respond on the merits if that conference does not resolve the disputes.

The relief Wang seeks, an order that Plaintiffs serve amended responses and produce documents within 14 days, rests on a one-sided account of a mutual agreement. His counsel's April 25 email confirms that Wang would serve supplemental responses "on the date we agreed for all parties (May 15, 2026)," and conditioned Wang's own verifications on Plaintiffs' serving theirs. Plaintiffs served amended responses to the First Sets on May 25. Wang served nothing until July 24, and his amended responses to Plaintiffs' Second Set of Requests for Production and the privilege log he told the Court would be served "by August 7, 2026" (Dkt. 92 at 2) are still outstanding; Dkt. 100 says he "expects" to serve them this week.

Wang has produced no documents in this case.

On October 9, Plaintiffs asked his counsel to propose a date by which Wang would complete his responses and begin producing. He did not answer. At 1:41 p.m. Pacific that day he sent Plaintiffs' counsel a calendar invitation for a meet-and-confer on October 23, 2026, and at 1:44 p.m. he filed Dkt. 100.

The certification states that the parties met and conferred on March 27 and April 20 and "were unable to resolve" the disputes. The conferences took place. They did not end in impasse on these disputes, as Wang's counsel's own summary of the March 27 conference shows. On Request No. 27 he wrote, "I am considering your position," and recorded that Plaintiffs had agreed to produce the non-privileged underlying transactional data. On Request Nos. 35 and 36, "We will continue this discussion." On Request No. 62, the parties "had a partial discussion." On

April 27, Plaintiffs put written compromise proposals to Wang on Request Nos. 61, 62, and 69 and on Interrogatory No. 15. Wang did not respond for more than five months. His October 7 letter then accepted two of those proposals (Dkt. 100 at 1), which confirms that the process remained open, not exhausted.

What followed is set out in Dkt. 100 itself. Wang's 20-page, single-spaced letter arrived on the afternoon of October 8 with a request to confer that day, the next day, or the following Monday, one week before the hearing then set for October 15. Plaintiffs responded within hours: they could not review and confer on twenty pages in three days, but offered to confer on October 9 or 12 on any one or two issues Wang identified as urgent and on the rest the week of October 19. Wang listed seven disputes, said they were already conferred, and offered October 20 or 22 for the remainder. On the morning of October 9, Plaintiffs corrected the record on the seven disputes, committed to respond to the letter in full in writing by October 22, and proposed to confer on October 22 or 23. Wang's counsel accepted October 23 by calendar invitation and filed Dkt. 100 the same afternoon. A conference that Wang himself has itself scheduled has not failed.

Nothing required this timing. Plaintiffs' positions on these requests date from March and April. The hearing that prompted the letter has been continued to January 21, 2027 (Dkt. 101). Wang loses nothing by completing the conference he scheduled, and the Court should not be asked to resolve seven disputes on which Wang has not yet received Plaintiffs' written response.

Plaintiffs will serve their written response to Wang's letter by October 22 and will confer on October 23. Plaintiffs will serve their remaining amended responses, with verifications, and produce documents on a date certain, and ask only that the same date apply to Wang, as the parties agreed on April 20. If the parties cannot agree on that date on October 23, Plaintiffs will ask the Court to set one. If the conference does not resolve the remaining disputes, Plaintiffs request leave to respond to Dkt. 100 within seven days of the conference. If the Court would prefer a response now, Plaintiffs will file one when instructed.

Respectfully submitted,

Ievgeniia P. Vatrenko
Vatrenko Law P.C.
Counsel for Plaintiffs Interdata Network, Inc.
and Cerebellum Networks, Inc.

cc: All counsel of record via CM/ECF